■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW JONES and KEVIN PARKER, Appellants. — Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Kings County (Berkowitz, J.), both rendered February 23, 1982, convicting both of them of robbery in the second degree (two counts), assault in the second degree, and criminal possession of stolen property in the third degree, upon jury verdicts, and imposing sentences.

Judgments affirmed.

Defendants' convictions stem from a vicious attack upon a passenger near a subway station. The entire incident was witnessed by an experienced plainclothes police officer who arrested defendants moments later, at which time the defendants were found to be in possession of property taken from the victim.

During the course of the jury's deliberations, it sent a note to the court requesting that the summation of one of the defense attorneys be reread. The Trial Judge declined to do so.

Inasmuch as summations are not evidence (*United States v Guanti,* 421 F2d 792, 801, cert den *sub nom. Romano v United States,* 400 US 832), the Trial Judge's determination cannot be

said to be an improvident exercise of discretion warranting reversal (CPL 310.30; *United States v Guanti, supra,* p 801; cf. *People v Malloy,* 55 NY2d 296, 301-302, cert den 459 US 847; *People v Pena,* 50 NY2d 400, 410, cert den 449 US 1087). Moreover, failure to comply with a jury's request is not per se reversible error, absent a showing of prejudice (*People v Jackson,* 20 NY2d 440, 454, cert den 391 US 928; *People v Perez,* 54 AD2d 1009). Other than vague generalities, no such tender has been made here.

We have considered defendants' other arguments to the extent that they have been preserved for appellate review, and find them meritless. Titone, J. P., Mangano, Brown and Rubin, JJ., concur.