■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY TURNER, Also Known as NEAL TURNER, Appellant. — Harvey, J.

In the early morning hours of December 10, 1982, Thomas Rohr was assaulted, robbed and left lying unconscious in an alley a short distance from a bar he had left only minutes before in the City of Albany. As a result, defendant and Carl West were indicted in the same instrument for robbery in the first degree. Following a joint jury trial both defendants were found guilty (*see, People v West,* 110 AD2d 971).

The evidence against defendant was overwhelmingly supportive of the verdict. The victim testified that he knew defendant on sight prior to the evening of the robbery. He further testified that he was in the company of both defendant and West at a bar located only a short distance from the alley where the victim was found unconscious. There was testimony by two bar employees that defendant and West had been in the company of the victim for about three hours that evening. The employees also testified that the victim left in the company of West, and that defendant left the bar immediately thereafter. The victim testified to being confronted by both men after he had left the bar, that he was assaulted by West, and that he saw defendant take possession of his wallet following the assault. The victim was hospitalized for treatment of head injuries inflicted by the perpetrators.

We reject defendant's contention of error in the trial court's denial of his request for severance pursuant to CPL 200.40 (1). The statute requires a showing of good cause for severance, and vests responsibility for that decision in the discretion of the trial court (*see,* CPL 200.40 [1]).

Prior to trial, both defendant and West had made statements to the police in which each had placed himself at the scene of the crime. However, both defendant and West described themselves as a spectator who had observed the other man commit the crime. The motions by defendant and West for severance were based upon the prejudice which could result from one defendant's statement being read into the record, ostensibly as that

defendant's admission, but implicating the other defendant in the eyes of the jury. This possibility of prejudice was avoided by both the prosecutor and the trial court. The prosecutor stipulated that he would not use either statement in his case-in-chief. The trial court order required that before the statements were used in cross-examination, all descriptions of the commission of the crime were to be redacted and only that portion of the statements in which the two defendants agreed could be used. It is only when the matter contained in one defendant's statement, inculpatory of a codefendant, cannot be deleted effectively that the trial court should grant a severance (*see, People v Jackson,* 22 NY2d 446, 450; *People v La Belle,* 18 NY2d 405, 410). The statements were not used in the trial. We reject defendant's contention that the trial court's decision denying severance inhibited defendant from testifying.

During deliberations, the jury requested that the trial court have the opening statements of both attorneys read to them. The trial court declined to do so on the basis that such statements were not evidence. Defendant assigns error to the court's decision. CPL 310.30 requires a Trial Judge to respond to a jury's request with "such requested information or instruction *as the court deems proper"* (emphasis supplied). The trial court correctly declined the jury's request since counsels' opening remarks did not constitute evidence (*People v Donnelly,* 89 AD2d 872, 873).

Defendant has a long history of arrests for violent crimes and this is his third felony conviction for robbery. The sentence of 12½ to 25 years as a second felony offender was not an abuse of discretion (*see,* Penal Law § 70.06 [3] [b]).

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.