■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ANDERSON, Appellant.—Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered on July 8, 1987, reversed on the law, and the matter remanded for a new trial. Asch and Kassal, JJ., concur in a memorandum by Kassal, J.; Rosenberger, J., concurs in a separate memorandum; Kupferman, J. P., and Smith, J., dissent in a memorandum by Smith, J., all as follows:

Kassal, J. This case presents for our consideration the method by which a trial court may make written excerpts of its oral charge available to the jury. In addition to the prerequisite of consent by the defense, it is of critical importance that the process ensures the reliability of the written material to be taken into the jury room.

On February 23, 1987, defendant, Thomas Anderson, was indicted for the crimes of forgery in the second degree (Penal Law § 170.10) and criminal possession of stolen property in the fourth degree (Penal Law § 165.45). The charges stemmed from his having attempted to purchase, on February 6, 1987, quantities of cologne valued at $194 from Macy's department

store, by tendering a check belonging to a Connecticut resident named Eric Hart. Having forged Hart's name on the check, defendant produced, upon request for identification, Hart's driver's license, to which was affixed defendant's photograph, and Hart's bank and credit cards, which bore defendant's forgery of Hart's signature. The suspicions of store employees were aroused when a "void" code for the check appeared on the cash register, and increased when close inspection revealed that the driver's license had been relaminated after a new photograph was placed over the original.

At trial, which commenced on June 8, 1987, Eric Hart testified to having discovered that blank checks, a driver's license, a credit card, and a bank card were missing from his wallet after a trip to New York City in late January 1987. Hart identified the forged or otherwise altered check, cards, and driver's license recovered from defendant as his. He was not acquainted with defendant, and had not given him permission to use any of those items.

At the close of the trial evidence, the Judge instructed the jury as to the applicable law, and submitted the charges of forgery in the second degree and criminal possession of stolen property in the fourth degree, the latter to be considered solely as an alternative to the forgery charge. Shortly after commencing deliberations, the jury sent a note requesting a rereading of the five elements of forgery in the second degree. The Trial Judge complied with this request. Then, without further inquiry on the part of the jurors or consultation with the attorneys, the Judge suggested that the jury take notes, and offered to provide paper for that purpose. Upon one juror's replying, "I have", the Judge repeated the five elements of the forgery charge. When the jury left the room to resume its deliberations, defense counsel took "exception to the jurors being able to make notes".

In *People v Owens* (69 NY2d 585, 587-588), decided June 2, 1987, the Court of Appeals held that, "[w]here defense counsel objects, it is improper for a trial court, after reciting its instructions orally, to distribute only certain portions of that charge in writing to the jury for use in its deliberations." Among the dangers and potential for prejudice to the defendant cited in *Owens* are the possibility that the selection and repetition of certain parts of the charge will overemphasize their importance and subordinate other parts, and that "the written instructions may be reinforced by their physical presence in the jury room, as the oral instructions fade from memory". *(Supra,* at 591.)

Where, as here, the written portion of the charge to be taken into the jury room has not been prepared by the trial court but is, rather, the product of a juror's note-taking, the further risk of unreliability is presented, for there is no guarantee that the juror will record the instructions completely or accurately. *(Bolm v Triumphant Corp.,* 58 AD2d 1014.)* Indeed, as was observed in *People v DiLuca* (85 AD2d 439, 445), " '[w]ithout corrupt purpose, [a juror's] notes may be inaccurate, or meager or careless, and loosely deficient, partial, and altogether incomplete. With a corrupt purpose, they may be false in fact, entered for the purpose of misleading or deceiving his fellows when he comes to appeal to them' " (quoting *United States v Davis,* 103 F 457, 470, *affd* 107 F 753). These dangers are compounded by the possibility that the note-taking juror will assume a position of authority in the jury room, leading other jurors to defer to his apparent expertise, rather than rely upon their independent recollection. *(See, People v DiLuca, supra,* at 446.)

The People urge that defendant has failed to preserve his claim with specific and timely objection. We disagree. Defense counsel's exception to jurors being permitted to "make notes" during the court's recharge on the elements of forgery in the second degree was sufficient to alert the court that defendant did not consent, as required, to written portions of the charge being made available to the jury. *(See,* CPL 310.30; *People v Nimmons,* 72 NY2d 830; *People v Sanders,* 70 NY2d 837; *People v Owens, supra.)* Further, defendant's objection was entered at his earliest opportunity, i.e., upon the jury's departure from the room. To have protested in the presence of the jury, or even to have requested a bench conference upon hearing the court's *sua sponte* proposal, would have been to risk the prejudice of which Judge Bellacosa warned in his Practice Commentary (McKinney's Cons Laws of NY, Book 11A, CPL 310.30, at 656): "Under no circumstances should the jury be told which party refused to consent, if that should eventuate, thus preventing them from getting statutory material. The prejudice there is self-evident and underscores the necessity for all the discussions with respect to these matters to take place outside the presence of the jury."

Accordingly, defendant's claim has been preserved by timely and sufficient objection and, since this error cannot be considered harmless *(see, People v Owens, supra,* at 591), the judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered July 8, 1987, convicting defendant, after a jury trial, of forgery in the second degree, and sentencing him to an

indeterminate term of 3½ to 7 years' imprisonment, should be reversed, on the law, and the matter remanded for a new trial.

Rosenberger, J. (concurring). I concur in the result reached by the majority.

The majority opinion, however, in my view, does not give sufficient weight to the holding of the Appellate Division, Second Department, in *People v DiLuca* (85 AD2d 439 [1982]). There, as here, the Trial Judge, *sua sponte,* suggested that the jury take notes. There, as here, the Trial Judge gave no advice to the jurors with respect to taking of notes, nor were the jurors instructed regarding the proper use of such notes. There, as here, the defense attorney made general objection to the jurors being permitted to take notes, but did not request any cautionary instruction.

No purpose is served by repeating, at length, the reasoning and discussion to be found in the well-reasoned, thorough, and incisive opinion of the court in *DiLuca (supra).*

Several factors should, however, be noted. In *DiLuca (supra),* between 6 and 8 jurors accepted note pads from the court and three jurors were observed taking notes during summations, the court's charge, and the rereading of certain evidence. Here, the record reflects only one juror having received paper for the purpose of note-taking. In *Bolm v Triumph Corp.* (58 AD2d 1014, 1015 [4th Dept 1977]), where one juror had been designated to take notes on "key" parts of the charge, the court stated, "The responsibility for explaining the law rests upon the court, however, and not upon a designated lay juror who might or might not record statements of law accurately, and the court should not have directed the notetaking."

Even in the absence of the *People v Owens* (69 NY2d 585 [1987]) considerations discussed by the majority, the *sua sponte* direction to the jurors to take notes, without any of the mandatory safeguards set forth in *People v DiLuca (supra)* requires a reversal. It should be noted, also, that the *DiLuca* court rejected the suggestion that a showing of prejudice was required in order to establish reversible error.

Although this issue of juror note-taking has not been previously considered by this court, trial courts within this department must follow the determinations of the Appellate Division in another department until such time as this court or the Court of Appeals passes on the question (1 Carmody-Wait 2d, NY Prac § 2:63, at 75; *Mountain View Coach Lines v Storms,* 102 AD2d 663 [2d Dept 1984]).

Smith, J. (dissenting). I dissent because I cannot agree that the trial court's decision to permit a jury to take notes, when it repeated the elements of forgery at the jury's request, violated the defendant's due process rights or any of his rights.

First, no objection to the court's action was made until the jury had received the supplemental instructions. At that time the defendant did not request any cautionary instructions.

Second, no statute or case required the court to obtain the consent of the defendant before notes were taken by a juror. The cases cited by the majority do not require reversal. In *People v Owens* (69 NY2d 585 [1987]), the Court of Appeals held that it was reversible error for a court to submit a portion of its charge in writing to the jury in the face of an objection by the defendant. In *People v DiLuca* (85 AD2d 439 [2d Dept 1982]), the Appellate Division held that while a court had the discretion to permit note-taking by jurors, the permission should have been accompanied by cautionary instructions.

Third, to reverse on the basis of the action taken here is to negate the discretion of a trial court to meet the necessities of a trial situation.

Finally, it is of significance that the evidence of guilt in this case was overwhelming and there is no showing of prejudice. *(Cf., People v Lourido,* 70 NY2d 428, 435 [1987]; *and People v Agosto,* 73 NY2d 963, where the Court of Appeals indicated that a court must make a meaningful response to a jury's request for further instruction and that a trial court's failure to respond to a jury's note would be reversible error only if such failure prejudiced the defendant.)