■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK ANTHONY CARBALLO, Appellant.—

The defendant's conviction arises out of his involvement in an October 3, 1987 incident in which Ronald Brown was fatally shot at a housing project in Brooklyn. On appeal, the defendant maintains, *inter alia,* that he was deprived of a fair trial as a result of the trial court's conduct during the jury deliberations. We agree.

After the jury began its deliberations, the jury sent a note to the court requesting a definition of the terms "intent" and "intentionally" as well as a readback of the testimony of three witnesses. The jury also asked "[W]ho is Harv?", referring to a reference made during the testimony of one of the prosecution's witnesses. During the court's charge on the definition of the term "intentionally", a juror asked the court whether the terms "intent" and "intentionally" meant the same, to which the court responded that it would define the term "intent" to the jury. Thereafter, another juror inquired about the absence of any reference in the verdict sheet to the term "in concert with others", which was included in the court's charge. Following a brief colloquy between the court and the juror, the court advised the juror "[t]he verdict sheet is given to you to apprise you of what you are supposed to do. I am not going to write out the full charge on the verdict sheet". The juror responded by requesting an explanation of the distinction between murder in the second degree and manslaughter in the first degree. The court replied by charging the statutory definitions of the charged crimes. The written request by the jury concerning the readback of the testimony of three witnesses was also complied with, although the court never responded to the jury's request inquiring "[W]ho is Harv?"

The following day, the jury sent a note to the court requesting that they be permitted to meet with the court in private. When the court answered the jury's request by stating that it was not permitted, the foreperson and several other jurors

began to ask the court questions concerning, *inter alia,* the content of the Grand Jury testimony, the readback of several witnesses' testimony and a rereading of the charge on the issue of credibility. After the court responded to the juror's inquiries, a juror requested a written copy of the court's credibility charge. The court replied "I have no objection to giving you a copy, if the lawyers agree. If the lawyers consent you may have it. If they don't consent, then you can't have it". The prosecutor immediately replied that he had no objection to the jury's request. Defense counsel, however, responded by requesting that the jury be excused. At that point, a juror inquired, "Your Honor, how come he can discuss it privately and we can't?" The court answered the juror's question and allowed counsel a conference outside the presence of the jury.

At that time, defense counsel raised an objection to the jury's "public deliberations". Defense counsel requested that instead of entertaining oral questions from the jurors, the court should direct the jury to continue its deliberations in private and put any questions they may have in writing to the court. The court responded by stating that, in its opinion, the point of public deliberations had not been reached and that when it was, the court would "stop it". The defense counsel took an exception to the court's ruling and thereafter consented to providing the jury with a copy of the requested portion of the jury charge. In doing so, defense counsel noted that he was placed in a difficult position in that if the jury's request was not complied with, the jury would know that it was due to his objection. Following further jury deliberations, which included inquiries, both oral and written by the jury to the court, the jury rendered a verdict finding the defendant guilty of manslaughter in the first degree and criminal possession of a weapon in the second degree.

Although the People are correct in noting that the defendant did not raise a timely objection to the trial court's conduct in permitting and answering the jury's oral inquiries, we conclude that, under the circumstances of this case, reversal is warranted in the interest of justice. CPL 310.10 provides, in pertinent part, "[f]ollowing the court's charge, the jury must retire to deliberate upon its verdict in a place outside the courtroom". CPL 310.30 further provides: "At any time during its deliberation, the jury may request the court for further instruction or information with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury's consideration of the case. Upon such a request, the court must

direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper".

Although these statutory provisions do not prohibit the jurors from asking oral questions of the court in the presence of counsel during its deliberations, it has been recognized that the jury should be required to put their inquiries in written form to the court in order to ensure that the court and counsel have sufficient opportunity to confer about an appropriate response (see, United States v Ronder, 639 F2d 931, 934). The procedure which was followed in the case at bar prohibited the defense counsel from having an opportunity to confer with the court before it responded to the jury's inquiries. Additionally, as a result of the court's statement that the jury would be given a copy of the court's credibility charge if both counsel agreed, the defense counsel was placed in the untenable position of having to agree to the request since the prosecutor had already registered his consent in the jury's presence. As Judge Bellacosa explained in his Practice Commentary to CPL 310.30: "Under no circumstances should the jury be told which party refused to consent, if that should eventuate, thus preventing them from getting statutory material. The prejudice there is self-evident and underscores the necessity for all the discussions with respect to these matters to take place outside the presence of the jury". (McKinney's Cons Laws of NY, Book 11A.) Additionally, as noted by the defendant, the court's procedure resulted in the court's failure to answer each of the juror's inquiries. As noted supra, the court never answered the jury's inquiry concerning "[W]ho is Harv?"

In view of the foregoing, the judgment is reversed and the matter is remitted to the Supreme Court for a new trial. Mollen, P. J., Mangano, Kunzeman and Kooper, JJ., concur.