THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL SULLIVAN, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERG JOHNSON, Appellant.

First Department, August 16, 1990

## APPEARANCES OF COUNSEL

*Karen L. Mallory* of counsel *(Mark Dwyer* and *James M. McGuire* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondent.

*David Blackstone* for Daniel Sullivan, appellant.

*Joseph A. Zayas* of counsel *(Philip L. Weinstein,* attorney), for Serg Johnson, appellant.

## OPINION OF THE COURT

ROSENBERGER, J.

Defendants were arrested by officers from a Street Narcotics Unit on June 30, 1987. From his observation points on the roofs of buildings located on Ludlow and Rivington Streets, Police Officer Daniel Keenan, using his binoculars, saw an unidentified individual hand numerous glassine envelopes to defendant Johnson who then turned them over to defendant Sullivan. Sullivan gave Johnson some money and put the envelopes inside a Marlboro cigarette box which he then placed on the ground at the base of a building. Keenan also saw another individual named Velez give some money to Johnson who then handed him a glassine envelope. Keenan radioed a description of defendants and the location of the Marlboro box to Officer Mantone who detained defendants and recovered the cigarette box which contained four glassine envelopes of heroin. Keenan left his observation post to pro-

ceed to the area where defendants were being detained and confirmed that they were the individuals involved in the drug transactions.

Approximately five hours after commencing deliberations, the jury sent a note to the court requesting a reading of the prosecutor's summation. Over defense counsel's objections, the court agreed, but admonished the jury that the statements of both defense counsel and the prosecutor were not evidence. While it is well settled that declining to read back the summation of defense counsel or the opening statements of both sides does not constitute an abuse of discretion *(People v Santana,* 121 AD2d 236, *lv denied* 68 NY2d 773; *People v Foster,* 118 AD2d 654, *lv denied* 67 NY2d 1052; *People v Turner,* 110 AD2d 974; *People v Jones,* 106 AD2d 585), we find no case considering whether it is an abuse of discretion to read back a prosecutor's summation in response to a request from the jury, over defense counsel's objection. We hold that it is and that the error is not harmless.

CPL 310.30 authorizes the court, in its discretion, to provide the jury, upon its request, with "further instruction or information with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury's consideration of the case." However, such discretion is not absolute. The court must respond meaningfully to the jury's request for further instruction or information and must first evaluate such factors as the form of the jury's question, the particular issue of which inquiry is made, the supplemental instruction to be provided and the presence or absence of prejudice to the defendant *(People v Malloy,* 55 NY2d 296, 302, *cert denied* 459 US 847; *see, People v Almodovar,* 62 NY2d 126).

The arguments of counsel are neither evidence nor law *(People v Santana, supra; People v Foster, supra; People v Turner, supra; People v Jones, supra)* and, contrary to the trial court's interpretation of CPL 310.30, do not fall into the category of "other matter pertinent to the jury's consideration of the case." The prosecutor summed up after defense counsel, thus affording him the last opportunity to address the jury. By rereading only the prosecutor's summation, the court permitted the People an additional opportunity to present their arguments, and their view of the evidence, creating the potential for distracting the jurors from their own recollection of the facts and from the arguments of defense counsel. The cautionary instruction provided by the court to the effect that

statements of counsel were not evidence, did not eliminate the prejudice to defendant created by the rereading of the prosecutor's summation. Accordingly, the error was not harmless *(People v Miller,* 6 NY2d 152; *cf., People v Jackson,* 20 NY2d 440, *cert denied* 391 US 928).

In light of our determination, we need not reach defendant Sullivan's contention that the trial court also erred in permitting the jury to take notes on its supplemental charge. However, we note that the court's cautionary instructions were insufficient to dissipate the dangers associated with juror notetaking and the potential for prejudice to defendant *(People v Anderson,* 151 AD2d 335; *People v DiLuca,* 85 AD2d 439; *People v Morales,* 159 AD2d 86; *cf., People v Tucker,* 153 AD2d 164).

Contrary to defendants' contention, we further find that their arrests were based on probable cause (CPL 140.10; *People v Jennings,* 54 NY2d 518; *People v Bouton,* 50 NY2d 130) and that the Supreme Court properly denied their motions to suppress identification and tangible evidence.

Accordingly, the judgments of the Supreme Court, New York County (Thomas Galligan, J.), rendered April 18, 1988 and June 17, 1988, convicting defendants, upon jury verdicts, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing them, as predicate felons, to indeterminate terms of imprisonment of 4½ to 9 years, should be reversed, on the law, and a new trial ordered.

MURPHY, J. P., ROSS, ASCH and RUBIN, JJ., concur.

Judgments, Supreme Court, New York County, rendered on April 18, 1988 and June 17, 1988, respectively, unanimously reversed, on the law, and a new trial ordered.