OPINION OF THE COURT
Memorandum.
The order of the Appellate Division in each case should be affirmed.
During deliberations, the jury asked for reinstruction on the elements of first and second degree robbery. The Judge complied with that request, first listing the elements and then explaining them. While the Judge was explaining the elements, a juror apparently was taking notes. Noticing this, the Judge instructed the jurors that if disagreement arose between a juror’s recollection and the notes, the jurors must request a readback of the instruction. After this cautionary instruction, defense counsel asked the court "to direct the juror to rip her notes up.” The court denied the application, and counsel made no further request.
Defendants make only one claim regarding the juror’s notes (see, by contrast, People v Anderson, 151 AD2d 335; People v DiLuca, 85 AD2d 439). Defendants contend it was reversible error to permit the juror’s notes to be taken into the jury room, likening those notes either to a copy of a statute, which a jury may be given only with the parties’ consent (CPL 310.30; People v Sanders, 70 NY2d 837, 838), or to a partial written charge, presenting the same danger of misuse (People v Nimmons, 72 NY2d 830; People v Moore, 71 NY2d 684, 687; People v Brooks, 70 NY2d 896, 898; People v Owens, 69 NY2d 585, 591). Neither analogy is apt.
*863 As contrasted with giving a jury selected portions of a written charge, here there was no danger that the jury would infer that the matter contained in the juror’s notes was of undue importance; the jurors themselves had requested the supplemental instruction, and the Judge’s cautionary instruction removed any possibility that the notes would be relied upon disproportionately as memories faded. Nor in these circumstances were the notes subject to the misuse we have identified when a copy of a statute is given to a jury. The court’s supplemental instruction was not simply a recitation of statutory elements, as the dissent contends, but an explanation of the relevant concepts. Thus there was no danger that the jurors would be left to interpret the law themselves.