■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN VACCARELLA, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's challenges to his conviction of criminal possession of stolen property in the fourth degree are without merit. The evidence is sufficient and the verdict is not against the weight of the evidence. Proof that the carpets were stolen was provided by the testimony of the owner and his tenant. Proof that defendant knew the carpets were stolen and possessed them with intent to benefit himself was provided by the circumstances surrounding codefendants' efforts to sell the carpets. Finally, the testimony that the carpets would retail for not less than $1300 was sufficient to establish that the fair market value of the property exceeded $1000 (see, Penal Law § 155.20 [1]; § 165.45 [1]). Defendant's reliance on the wholesale prices quoted by the experts is misplaced (see, People v Irrizari, 5 NY2d 142, 145-147).

The jury charge did not unconstitutionally relieve the People of their burden of demonstrating defendant's guilty knowledge beyond a reasonable doubt or impermissibly shift the burden of proof to defendant to prove lack of knowledge (see generally, Sandstrom v Montana, 442 US 510; People v Getch, 50 NY2d 456, 465).

The court did not err in prohibiting a juror from taking

notes. Whether to permit note taking by the jurors is a matter within the discretion of the trial court *(People v DiLuca,* 85 AD2d 439, 445; *see, People v Tucker,* 77 NY2d 861, 862-863). There are important policy reasons why a court should not allow a juror to take notes in a relatively simple case *(see, People v Anderson,* 151 AD2d 335, 337; *People v DiLuca, supra,* at 444-445).

The court did not err in refusing to declare a mistrial during jury deliberations. The jurors' awareness that defendant had patronized an OTB parlor would not have prejudiced defendant and one juror's recognition of defendant as an OTB customer would not have affected her ability to deliberate fairly, as she assured the court. The lack of prejudice to defendant was effectively conceded by defense counsel when he twice waived the court's offer to take curative action.

Finally, the court did not err in admitting defendant's postarrest statement. The statement was pedigree information *(see, People v Rodriquez,* 39 NY2d 976, 978; *People v Rivera,* 26 NY2d 304, 309). Because such pedigree statements are not even arguably subject to suppression, the People were not required to give notice *(see, People v White,* 149 AD2d 939, *lv denied* 74 NY2d 821). (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Criminal Possession Stolen Property, 4th Degree.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.