THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERTHEL STEWART, Appellant.

Following the main charge, the jury requested the reading back of certain portions of the testimony and a written list of the elements of the crimes charged. The court told the jury that it could not provide them with the list but sua sponte offered pencils and paper to the jury, an offer which four jurors accepted, and stated "I can't stop you from writing". Thereafter, the requested portions of the testimony were read back, and the court provided a supplemental instruction which included the elements of the various charges. After the jury left the courtroom to continue deliberations, the defense counsel moved for a mistrial on the grounds that the court had provided paper and pencils to members of the jury and had responded to their oral questions. The court denied this motion.

The prosecutor subsequently proposed that the jury be given clarifying instructions with regard to any notes that were taken. Although the court offered to give the clarifying instructions, the defense counsel objected to any further clarifications which the jurors had not directly sought. The court indicated that it would not give the instructions without the defendant's consent. The defense counsel would not consent.

The jury thereafter requested and was given further instruction. After the jury retired to continue deliberations, the defense counsel once again moved for a mistrial on the ground that the court had permitted deliberations in open court. The court denied the motion.

The defendant now contends on appeal that the court committed reversible error in responding to oral questions from the jurors and in permitting the jurors to take notes. In *People v DiLuca* (85 AD2d 439, 445), this court held that "the decision as to whether jurors should be permitted to take notes in a particular case is properly left to the discretion of the trial court". However, the court emphasized the necessity for providing the jury with cautionary instructions concerning both the taking and use of such notes, the primary concerns being that "more significance [may] be placed by the jurors on their notes, which may be inaccurate, incomplete or misleading, than on their own independent recollection" and that "the juror with the best notes [may] unduly influence and possibly mislead the other jurors" *(People v DiLuca, supra, at 444)*.

We stress that the court's conduct in this case clearly fell outside the acceptable bounds of discretion. Neither the practice of responding to oral questions from the jurors nor

providing them with pencils and paper with which to take notes is to be encouraged. In the recent decision of *People v O'Rama* (78 NY2d 270), the Court of Appeals emphasized the importance of disclosing the specific contents of jurors' notes to the defendant and defense counsel. The court held as follows: "Such an opportunity is essential to counsel's ability to represent the client's best interests and, further, to ensure the protection of the client's constitutional and statutory rights at these critical postsubmission proceedings *(see, People v Ciaccio,* 47 NY2d 431, 437 [supplemental instructions, which are given in response to the jurors' own questions, 'may well be determinative of the outcome']). Thus, just as CPL 310.30's requirement that juror inquiries be answered mandates a 'meaningful' response *(see, People v Malloy,* [55 NY2d 296], at 301, so too does that statute's 'notice' requirement mandate notice that is meaningful" *(People v O'Rama, supra,* at 277).

Viewed in light of these principles, the conduct of the trial court in the instant situation was clearly inadequate. However, owing to countervailing circumstances, the court's improprieties do not warrant reversal of the judgment of conviction in this case.

The trial court's failure to deliver the required cautionary instructions is unpreserved for appellate review because the defendant made no request that the jurors be instructed concerning their notes *(see, People v DiLuca,* 85 AD2d 439, 444, *supra;* CPL 470.05 [2]). On the contrary, the defense counsel strenuously objected to the court's giving any cautionary instructions. Under the circumstances, and given the overwhelming evidence of defendant's guilt, permitting the jurors to take notes was harmless error *(see, People v Crimmins,* 36 NY2d 230).

The defendant's contention regarding the trial court's error in responding to oral questions from some of the jurors is similarly unpreserved for appellate review, since the defendant's objection to the error was untimely raised when the court could no longer rectify it. Moreover, this error was also harmless in view of the overwhelming evidence of the defendant's guilt *(People v Crimmins, supra).* Kunzeman, J. P., Sullivan and Rosenblatt, JJ., concur.

Harwood, J., dissents and votes to reverse the judgment appealed from, on the law and as a matter of discretion in the interest of justice, and to order a new trial, with the following memorandum:

In this case which rests essentially on the credibility of

witnesses from each side of a conflict between feuding neighbors, I cannot agree with the majority that we should excuse, as harmless error, judicial conduct which it concedes "clearly fell outside the acceptable bounds of discretion". I therefore dissent and vote to reverse the judgment appealed from and to remit the matter for a new trial.

As the majority notes, after the court delivered its instructions, the jury retired and then sent a note requesting both a reading back of certain testimony and a written "list" of the elements of each crime charged. At the ensuing bench conference the defense counsel objected to "any written list" and the court then advised the jury that it could not be given a list (see, CPL 310.30). The court did not, however, stop there. Without consultation with or prior notice to counsel, without any request therefor from the jury, and without benefit of the cautionary instructions this court has held should be delivered before the commencement of deliberations and which it has characterized as "mandatory", "critical", and "essential" for proper jury deliberations (see, People v DiLuca, 85 AD2d 439, 445-446; see also, People v Anderson, 151 AD2d 335), the trial court here directed the court clerk to distribute to the jury paper and pencils and thereafter made a comment which was tantamount to an instruction that each juror could make his or her own list in violation of what is authorized by law (cf., People v Owens, 69 NY2d 585). The court proceeded to recite the elements of each of the crimes charged, pausing at various points to inquire directly of the jury as to whether it wished particular terms defined and, after examples were given, to inquire if the instructions, "answered your requirement". In addition, oral questions from the jurors were entertained and answered and it appears from the record that the jurors were openly sharing notes (but see, People v Morales, 159 AD2d 86; People v Carballo, 158 AD2d 701).

When the jury retired to resume its private deliberations, the defense counsel, who, during the course of the trial had been admonished to refrain from stating the reasons for his objections in front of the jury, moved for a mistrial on account of the court's distribution of paper and pencils for note-taking and list-making purposes and on the ground that the court had engaged in a direct dialogue with the jurors rather than obtaining written questions from them (see, CPL 310.30).

Some 40 minutes later, the prosecutor suggested that the court deliver a cautionary instruction with respect to the jurors having been afforded the opportunity to take notes. However, the court declined to do so unless there was consent

from the defense counsel, who declined to give it, asserting that the damage had "already [been] done". Sometime thereafter, the jury sent a note seeking further clarification of the court's charge. Notwithstanding counsel's earlier application for a mistrial, the court once again entertained oral questions from the jury. During the ensuing colloquy with the jurors, there were objections and unrecorded bench conferences. When the jury again retired, the defense counsel again made application for a mistrial on the ground that the questions and colloquy between the court and the jury were improper and because what occurred constituted public deliberations. The defense counsel also objected to the substance of the court's responses to questions from the jury, noting that there was no emphasis on or mention of the defense and that the court "went further" than it had previously indicated, apparently at a bench conference, that it would.

The majority recognizes the dangers associated with juror notetaking *(see, People v DiLuca, supra; see also, People v Morales, supra; People v Anderson, supra; cf., People v Tucker,* 77 NY2d 861), even where the requisite preliminary cautionary instructions on the taking and proper use of the notes have been given *(see, People v DiLuca, supra; People v Morales, supra)*. Those dangers can only increase dramatically when accompanied by the erroneous comment that the court cannot stop jurors from writing. The majority also recognizes that by engaging in colloquy with the jury and entertaining its oral questions, the trial court, in contravention of statute and judicial precedent, deprived the defendant and his counsel of notice of what the jury's questions were and of the opportunity to confer with the court before a response was formulated *(see, People v O'Rama,* 78 NY2d 270; *see also, People v Carballo, supra)*. The majority nonetheless concludes that the "inadequate" conduct of the trial court does not warrant reversal because of the "counterveiling circumstances" that the issues are not preserved for appellate review, and that the proof of guilt is "overwhelming".

It is my view that defense counsel objected to the unexpected conduct of the trial court as soon as he could do so without risking further prejudice to the defendant and without violating the court's prohibition against stating grounds for objection in the jury's presence *(see, People v Anderson, supra)*. Moreover, I am not persuaded that the belated cautionary instruction requested by the People could have dissipated the effect of the court's errors *(see, People v DiLuca, supra; see also, People v Sullivan,* 160 AD2d 161, 163). The

majority has, in any event, addressed the merits, the nature of which does not change simply because of a technical failure to interpose an objection at the earliest possible moment. And apart from the fact that I do not find the evidence of guilt to be overwhelming, I regard the errors here, when taken together, as so contrary to what is necessary to ensure proper jury deliberations as to deprive the defendant of a fair trial. I am thus of the opinion that review and its consequences cannot be avoided on "failure to preserve" grounds, that the "harmless error" analysis relied on by the majority is not appropriate in this case, and that, because of the inherently prejudicial conduct of the trial court during the critical instruction and deliberation stage of the trial *(see, People v O'Rama, supra,* at 279-280; *cf., People v Ahmed,* 66 NY2d 307; *People v Crimmins,* 36 NY2d 230), reversal and a new trial are required.