Fourth Department, January, 1992

(January 31, 1992)

■ The People of the State of New York, Respondent, v William Teall, Appellant.

Here, the evidence was clearly sufficient to show that codefendant knowingly possessed stolen property, as we recently determined on his appeal *(see, People v Vaccarella,* 177 AD2d 990), and the People's proof sufficiently linked defendant to Vaccarella's scheme by showing that the men shared guilty knowledge and a common criminal purpose. Defendant was present throughout Vaccarella's negotiations with the store owner, in particular, when he negotiated price, resisted the offer of a check and receipt, insisted on cash, and falsely stated that he lived out of town. Vaccarella consulted with defendant before accepting the store owner's offer of $700, which was approximately one-half the value of the stolen

carpets. Defendant directly participated in negotiations, telling the store owner, in response to his offer of $700, "I thought we could get $800 or $900".

Further, defendant was in joint possession of the carpets, drove the van by which they were transported, and carried them into the shop. Recent unexplained possession of the carpets supports the inference of guilty knowledge. Finally, the carpets were wrapped in a grey blanket despite the fact that it was a clear day. That supports the inference that the men were trying to conceal the carpets because they knew that they were stolen. (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Criminal Possession Stolen Property, 4th Degree.) Present—Denman, P. J., Boomer, Green, Pine and Davis, JJ.