■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CLARIOT, Appellant.—Judgment, Supreme Court, Bronx County (Edward M. Davidowitz, J.), rendered July 27, 1989, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender to a term of 5½ to 11 years, unanimously affirmed.

Defendant's claim that the trial court did not properly exercise its discretion in declining to have the defense summation read into the record at the jury's request is unpreserved

for appellate review as a matter of law *(People v Velasco,* 77 NY2d 469, 474). Were we to review the claim in the interest of justice, we would find it to be without merit. It is well settled that declining to read back a summation is not an abuse of discretion *(People v Sullivan,* 160 AD2d 161, 163, *lv denied* 76 NY2d 991). Defendant's claim that the court did not give him "meaningful notice" of the jury's request prior to recalling the jury is also unpreserved for appellate review. (CPL 470.05.) Moreover, since an adequate record on this subject does not exist, appellate review is precluded *(People v Charleston,* 54 NY2d 622); in any event, defendant's contention that the trial court failed to follow the procedures suggested in *People v O'Rama* (78 NY2d 270, 277-278) is not supported by the record.

Further, in light of defendant's past record, the trial court properly exercised its discretion in imposing sentence. *(People v Farrar,* 52 NY2d 302, 305-306.) Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.