The defendant contends that the People failed to prove he caused physical injury to a police officer (see, Penal Law § 10.00 [9]; § 120.05 [3]). Viewing the evidence adduced at the trial in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the conviction beyond a reasonable doubt (see, People v Simmons, 196 AD2d 900 [decided herewith]). The People proved that the officer suffered from a sharp burning pain in his knee, that he had difficulty walking, that he missed three days of work, and that he was advised to keep his knee elevated and take medication to relieve his pain, both by the doctor in the hospital emergency room on the date of the incident and by the police surgeon three days later.

The defendant also contends that the officers who testified for the People were not credible and that the verdict was against the weight of the evidence. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's contention that the prosecutor's summation remarks warrant a new trial is without merit. Bracken, J. P., Sullivan, Copertino and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKBAR RAZACK, Appellant. [601 NYS2d 963] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Harbater, J.), rendered July 17, 1992, convicting him of assault in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of two to six years imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment to 90 days, to run concurrent with, and as a condition of, a term of five years probation; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, to set the terms and conditions of probation, which shall include enrollment in an

alcoholic treatment program, and for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that the evidence of physical injury was legally sufficient to support the verdict *(see, People v Greene,* 70 NY2d 860). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

During deliberations, the jury asked for a readback of the direct and cross-examination of several witnesses, including the testimony of the complaining witness with respect to his account of the assault. We find that the court erred in failing to direct the court reporter to read back the entire relevant portion of the complaining witness's cross-examination, once certain omissions were brought to its attention by the defense counsel. However, the court's failure to comply with a jury's request is not per se reversible error, absent a showing of serious prejudice *(see, People v Lourido,* 70 NY2d 428, 435; *People v Jackson,* 20 NY2d 440, 454, *cert denied* 391 US 928; *People v Jones,* 106 AD2d 585). We conclude that no serious prejudice was shown here *(see, e.g., People v Shaw,* 158 AD2d 923; *People v York,* 133 AD2d 130; *People v Jones, supra).*

In addition, while we agree with the defendant that the court committed other errors during the trial, we conclude that those errors were harmless in view of the overwhelming evidence of the defendant's guilt. The assault occurred during a family party, and at least two witnesses testified that they saw the defendant hit the complaining witness, who was the defendant's brother-in-law.

Considering the circumstances surrounding the assault, the defendant's stable work history, and the probation department's recommendation, we find that the sentence is excessive to the extent indicated. The defendant's remaining contentions are without merit. Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.