■ THE PEOPLE OF THE STATE OF NEW YORK v TUPAC SHAKUR. [627 NYS2d 343] —The submission by Justice Rosenberger to a full Bench of this Court is dismissed as without jurisdictional predicate. The issue referred is a threshold determination that should be made by the Justice before whom the bail application is pending.

SHAKUR. [627 NYS2d 341] —Application to be admitted to bail granted, as indicated, upon the memorandum decision of Rosenberger, J., as follows: The defendant was convicted, by jury verdict, of sexual abuse in the first degree. An application for bail after conviction and before sentence was made to me. I fixed bail. The defendant did not post it and remained in custody.

The defendant was sentenced in Supreme Court, New York County, on February 7, 1995. His attorney made an application for bail to the Trial Justice immediately upon sentence. That application was denied. Two days later, on February 9, 1995, a notice of appeal was served and filed.

The defendant made a written postsentence bail application to me. No reported decision by the Court of Appeals or the Appellate Division in the First Department was found dealing with the issue presented when a defendant makes a bail application after having sought to make one, after sentence but prior to serving and filing a notice of appeal. The Appellate Division in the Second Department has found jurisdiction to hear such an application, finding the prior application, made before filing notice of appeal, to be a nullity *(People v Garcia,* 437 NYS2d 382).

The issue is one which is likely to recur. A defendant upon whom sentence has been imposed may, upon taking an appeal, make an application for a stay of judgment and fixing of bail or other recognizance to a Justice of the Appellate Division or to a Justice of the Supreme Court of the judicial district in which the judgment was entered (CPL 460.50 [2] [a]). Applications for such stays and the fixing of bail are frequently made to Trial Judges other than the Judge who imposed sentence, rather than being made in this Court. Trial courts within this Department must follow the determination of the Appellate Division in another Department until such time as this Court or the Court of Appeals passes on the question (1 Carmody-Wait 2d, NY Prac § 2:63, at 75 [now contained in 1 Carmody-Wait 2d, NY Prac § 2:249 (1994 ed)]; *People v Anderson,* 151 AD2d 335, 338 [1st Dept 1989]; *Mountain View Coach Lines v Storms,* 102 AD2d 663 [2d Dept 1984]).

Against this background, I found that the question of law presented warranted treatment as a motion to be decided by a panel of five Judges of this Court. By conference telephone call with the attorneys representing both sides, I advised them of this procedure. The matter was then assigned a motion number and a return date of March 2, 1995 by the clerk's

office in this Court. By order dated May 9, 1995, the panel to which the motion was assigned dismissed the motion "as without jurisdictional predicate" (215 AD2d 184 [decided herewith]), deciding that the issue should be determined by me. By way of dictum the decision observed that a majority of that panel would have found that the application made to the Trial Judge barred further application.

It is plain that CPL 460.50 (3) contemplates but one application for bail after taking an appeal. A notice of appeal served and filed on behalf of a defendant is a statutory condition precedent to the authority to entertain and decide a motion for a stay and for bail (CPL 460.50, 460.10). A motion decided prior to the filing of such a notice of appeal is beyond the power of the Court and any such decision is a nullity *(People v Garcia, supra)*.

A motion under CPL 460.50 may nonetheless properly be made immediately after sentence to the Trial Justice or another Justice of the Supreme Court. All that is required is that defense counsel prepare a notice of appeal prior to the pronouncement of judgment, complete it upon the imposition of judgment, and serve and file it immediately. Jurisdiction to enter the application is thereupon confirmed pursuant to statute. Upon the making of a proper motion, no further application may thereafter be made either in the trial court or in this Court.

Since in the instant case defense counsel announced at the time of the purported application that he *would be filing* a notice of appeal, necessarily thereby conceding that he had not yet filed one, the trial court was without jurisdiction. The court, in fact, thereafter alluded to the defendant's opportunity to make an application in this Court.

All of the relevant information concerning the grounds preliminarily advanced for appeal and for fixing or denying bail have been submitted. Accordingly the judgment of conviction imposing a sentence of 1½ to 4½ years imprisonment is stayed upon posting of bail in the amount of $1,400,000, in the form of a guaranty in acceptable form by Atlantic Recording Corporation in the amount of $850,000; a treasury bill in the amount of $250,000, owned by Bert Padell; and $300,000 by insurance company bond or cash. Rosenberger, J.