THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FILIBERTO ALLER, Appellant. [821 NYS2d 657]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered March 24, 2004, convicting him of rape in the first degree, sodomy in the first degree (two counts), sexual abuse in the first degree (four counts), robbery in the third degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court responded meaningfully to the jury's request for a readback of a portion of the complainant's testimony by having the court reporter review the entire transcript to identify portions responsive to the request, which were then read to the jury (*see People v Lourido,* 70 NY2d 428 [1987]; *People v Malloy,* 55 NY2d 296, 302 [1982]; *People v Razack,* 196 AD2d 897, 898 [1993]). Moreover, the defendant failed to show that any alleged omission of relevant testimony from the readback caused prejudice (*see People v Razack, supra*).

The trial court properly permitted the complainant to testify, under the "prompt outcry" exception to the hearsay rule, that she told her mother that the defendant had attacked her. The statement was made no more than 12 hours following the attack, and the complainant proffered a sufficient explanation for failing to speak out sooner (*see People v Shelton,* 1 NY3d 614 [2004]; *People v McDaniel,* 81 NY2d 10, 16 [1993]; *People v Salazar,* 234 AD2d 322 [1996]; *People v Vanterpool,* 214 AD2d 429 [1995]). The trial court also properly denied the defendant's application to introduce the victim's panties into evidence and to cross-examine her about them, since the defendant's offer of proof failed to overcome the presumption of inadmissibility under CPL 60.48 (*see People v Williams,* 81 NY2d 303, 313 [1993]). Finally, the prosecutor's comments in summation did not improperly vouch for the credibility of the victim, but was fair response to the defense summation (*see People v Halm,* 81 NY2d 819, 821 [1993]; *People v Shelton,* 307 AD2d 370, 371-374 [2003], *affd* 1 NY3d 614 [2004]; *People v Colonna,* 135 AD2d 724 [1987]). Krausman, J.P., Mastro, Spolzino and Covello, JJ., concur.