OPINION OF THE COURT
Shirley Werner Kornreich, J.
In this action for summary judgment in lieu of complaint, plaintiff seeks to collect on a judgment rendered by the High Court of Justice, Queen’s Bench Division, Commercial Court, in the amount of $33,144,706.58 (the judgment of $31,841,341 plus contractual interest through July 27, 2010) against Saad Trading (Saad). (See CPLR 3213, 5303.) The English action was for breach of contract. In the contract, the parties submitted to the nonexclusive jurisdiction of the English courts. Defendant did not contest jurisdiction. Moreover, although defendant filed a defense to the English action, its solicitors ultimately withdrew, with consent of the court, and defendant failed to appear for trial. The court specifically found that defendant was aware of the trial and chose not to appear. Plaintiff proved its case on the merits, and the judgment issued on July 27, 2010, after trial. The judgment was never appealed.
Service in this action was effected in the manner specified in the contract between the parties.[1] Plaintiff now seeks to domesticate and enforce the judgment in New York. Defendant opposes the motion, raising issues of personal jurisdiction and forum non conveniens. The parties agree that no mandatory or discretionary exclusions pursuant to CPLR 5304, the statute governing recognition of a foreign country money judgment, ex *391 ist here.[2] The court granted plaintiffs motion on the record and stated that this written decision would follow.
Seminal Facts
Plaintiff, Abu Dhabi Commercial Bank PJSC is incorporated under the laws of the United Arab Emirates and does business in Abu Dhabi. Saad is a limited partnership under the laws of Saudi Arabia and does business there. No evidence is before the court indicating that Saad has any contact with New York. Defendant, thus, argues that the court has no personal jurisdiction over Saad, that it would violate due process to grant this motion, and that the action should be dismissed on the ground of forum non conveniens. Plaintiff responds that personal jurisdiction is not necessary to enforce a foreign money judgment and opposes dismissal on the ground of forum non conveniens.
Discussion
The overarching issue in this case is whether in personam jurisdiction is a necessary predicate to recognition of a foreign country money judgment. The only New York State appellate court which has addressed the issue is the Fourth Department in Lenchyshyn v Pelko Elec. (281 AD2d 42 [2001]). (Accord Milan Indus, v Wilson, May 26, 2011, Tingling, J., index No. 101242/10.) In Lenchyshyn, as here, plaintiffs sought summary judgment in lieu of complaint, seeking recognition of a foreign country judgment. Faced with a Canadian money judgment against a judgment debtor over whom it had no personal jurisdiction, the Lenchyshyn Court held “that the judgment debtor need not be subject to personal jurisdiction in New York before the judgment creditor may obtain recognition and enforcement” of the Canadian judgment. (Lenchyshyn at 43.) The Court explicitly found that neither due process nor article 53 of the CPLR requires a jurisdictional predicate for recognition of a foreign country money judgment so long as the requirements of article 53 are met. (Id. at 47.) The Court noted: “In proceeding under article 53, the judgment creditor does not seek any new relief against the judgment debtor, but instead merely asks the *392 court to perform its ministerial function of recognizing the foreign country money judgment.”[3] (Id. at 49.)
Defendant argues that the court should not follow Lenchyshyn. It contends that to do so would violate due process. In support, it cites to a footnote in Shaffer v Heitner (433 US 186, 210 v 36 [1977]), which states:
“Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter.”
Defendant interprets this footnote merely as recognizing that personal jurisdiction is unnecessary where quasi in rem jurisdiction exists. The court disagrees and finds that the better reading of the footnote is that of the Lenchyshyn Court, which interpreted the footnote as holding that no jurisdictional basis is required as a predicate to the recognition or enforcement of a foreign judgment. (Lenchyshyn, 281 AD2d at 47-48.) In so finding, Lenchyshyn cited to numerous jurisdictions who agreed with its interpretation.[4] In addition, as noted by Lenchyshyn, once enforcement of the recognized judgment is sought as against the judgment debtor’s property, jurisdiction — in rem or quasi in rem — is present.
Finally, even were the court to disagree with Lenchyshyn, it is bound to follow the Fourth Department’s holding. (See Mountain View Coach Lines v Storms, 102 AD2d 663, 664-665 [2d Dept 1984] [since Appellate Division is single statewide court, nisi prius in Second Department bound by decision in Third Department where Second Department has not spoken to issue], cited with approval in Duffy v Horton Mem. Hosp., 66 NY2d 473, 475 [1985]; accord People v Shakur, 215 AD2d 184, 185 [1st Dept 1995].) In sum, this court does not find personal jurisdiction essential to recognition and enforcement of a foreign country money judgment.
Nor does the court find this an appropriate case for dismissal pursuant to forum non conveniens. To begin, the deci *393 sion as to forum non conveniens is a matter of discretion, and the party challenging the forum bears the burden of demonstrating inconvenient forum. (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 478, 479 [1984].) Among the factors traditionally considered in determining the issue are: the hardship faced by the defendant in defending in New York; the availability of an alternate forum; the residence of the parties and the jurisdiction in which the transaction occurred. (Id. at 479.) The rule of forum non conveniens is flexible and has as its goal, fairness, justice and convenience. (Id.)
Here, defendant bears no hardship, since there is nothing to defend. The merits were decided in England, and plaintiff seeks no new relief. There are no witnesses to be inconvenienced or necessary evidence beyond the court’s jurisdiction. An alternate forum, the parties’ residences, and the venue of the transaction are beside the point. Plaintiff is seeking recognition of a foreign judgment as a matter of international comity in order to collect on the judgment it has already obtained. The court simply is being asked “to perform [a] ministerial function.” (CISC Mellon Trust Co., 100 NY2d at 222, quoting Lenchyshyn at 49.) The doctrine of forum non conveniens, if applied here, would undermine rather than support fairness, justice and convenience.
Accordingly, it is ordered that plaintiffs motion for summary judgment in lieu of complaint is granted and the Clerk is directed to enter judgment in favor of Abu Dhabi Commercial Bank PJSC and against Saad Trading, Contracting and Financial Services Company in the amount of $33,144,706.58.

. At oral argument, the defendant withdrew any objections to service.

. CPLR 5304 (a) (2) mandates exclusion from recognition where the foreign court did not have personal jurisdiction over the defendant. CPLR 5304 (b) (2) provides for discretionary nonrecognition of a foreign money judgment where the defendant did not receive notice in sufficient time to defend, and CPLR 5304 (b) (7) provides for discretionary nonrecognition where “the foreign court was a seriously inconvenient forum.”

. The New York Court of Appeals has not directly addressed the issue of jurisdiction, but in CIBC Mellon Trust Co. v Mora Hotel Corp. (100 NY2d 215, 222 [2003]), it addressed article 53 and cited to this quote in Lenchyshyn.

. Lenchyshyn recognized that Shaffer, as well as the jurisdictions interpreting the subject footnote, were dealing with sister state, not foreign, judgments.