■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
GIL TERRENCE, Also Known as SAUL SANFORD, Appellant. [612
NYS2d 571] —Judgment, Supreme Court, New York County
(Carol Berkman, J.), rendered August 18, 1992, convicting
defendant, after jury trial, of sodomy in the first degree and
attempted rape in the first degree, and sentencing him, as a
persistent felony offender, to two concurrent terms of 25 years
to life, unanimously affirmed.

Defendant had pretrial knowledge of the complainant's drug
use, about which the complainant freely testified on direct
examination. Contrary to defendant's argument, the trial
court did not improperly curtail his cross-examination of the
complainant on the issue, but rather, after allowing exhaus-

301

tive cross-examination thereon, the court appropriately directed counsel to thereafter limit his questioning in the area to issues relevant to the case. Thus, defendant received a meaningful opportunity to use the allegedly exculpatory material at trial *(People v Cortijo,* 70 NY2d 868, 870).

While the prompt outcry testimony herein ideally might have omitted the complainant's report that she had been beaten and verbally abused in addition to having been sodomized and raped, such limited detail did not unduly prejudice defendant, as the witness in question had previously described his observation of the complainant's physical condition at the relevant time, and photographs of her bruises had previously been entered into evidence. Thus, the details elicited cannot reasonably be viewed as exceeding an allowable level *(see, People v McDaniel,* 81 NY2d 10, 18). In this connection, the witness' observations do not fall within the category of prompt outcry by the complainant and therefore are not subject to the attendant limitations. Similarly, the trial court properly admitted lay testimony describing the physical and emotional demeanor of the complainant following the crime, as relevant to the issues before the jury *(People v Jones,* 188 AD2d 364, *lv denied* 81 NY2d 972).

The trial court appropriately exercised its discretion in admitting testimony that defendant failed to appear at a scheduled court appearance in this case and eventually was returned involuntarily after four additional arrests in connection with which he gave names other than Gil Terrence. This testimony constituted evidence of consciousness of guilt *(see, People v Reyes,* 162 AD2d 357, *lv denied* 76 NY2d 896), and the court gave specific limiting instructions, both when the testimony was admitted and in its general charge, that the testimony was admitted for a limited purpose and was not to be considered by the jurors as proof of guilt of any crime, nor of a propensity to commit the crimes charged herein. It is presumed that the jurors understood and followed these instructions *(People v Davis,* 58 NY2d 1102, 1104).

We perceive no abuse of discretion in sentencing, nor any ground for reduction of the sentence in the interest of justice. Concur—Ellerin, J. P., Ross, Nardelli and Williams, JJ.