THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY GRANTIER, Appellant. [743 NYS2d 768] —Appeal from a judgment of Steuben County Court (Bradstreet, J.), entered September 22, 2000, convicting defendant after a jury trial of, inter alia, sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of sodomy in the first degree (Penal Law former § 130.50 [1]) and assault in the second degree (§ 120.05 [6]), defendant contends that County Court erred in denying his motion to dismiss the indictment at the close of the People's case (*see* CPL 290.10 [1]). Defendant presented evidence after the court denied the motion and thus waived "subsequent review of that determination" (*People v Hines,* 97 NY2d 56, 61, *rearg denied* 97 NY2d 678; *see People v Bridges,* 294 AD2d 912). In any event, we conclude that the victim's testimony established the elements of both crimes, and thus the evidence is legally sufficient to support the conviction (*see People v Bleakley,* 69 NY2d 490, 495). We further conclude that the verdict is not against the weight of the evidence. "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses" (*People v Williams,* 291 AD2d 897, 898 [internal quotation marks omitted]; *see People v Gruttola,* 43 NY2d 116, 122).

The court did not abuse its discretion in precluding evidence of a sexual encounter between the victim and another man earlier on the night of the crimes at issue (*see* CPL 60.42; *see also People v Fields,* 279 AD2d 405, 405, *lv denied* 96 NY2d 828).

At sentencing defendant voiced numerous complaints about

defense counsel, contending that he had failed to prepare for trial, had failed to interview defendant's witnesses, had failed to raise inconsistencies in the victim's testimony and had failed to use available information to impeach the credibility of the victim through other witnesses. Those contentions are "based on material dehors the record, and thus the appropriate procedural vehicle is a motion pursuant to CPL 440.10" (*People v Wooten*, 283 AD2d 931, 933, *lv denied* 96 NY2d 943). Under the circumstances of this case, counsel's failure to file an omnibus motion and failure to move for suppression of defendant's statement or tangible property does not constitute ineffective assistance of counsel (*cf. People v Potter*, 254 AD2d 831, 832-833), and we conclude from the record before us that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). Present—Pigott, Jr., P.J., Pine, Hayes, Wisner and Hurlbutt, JJ.