■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY J. FRARY, Appellant. [815 NYS2d 334]—

Mugglin, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered September 24, 2004, upon a verdict convicting defendant of the crime of course of sexual conduct against a child in the first degree.

In December 2003, defendant was indicted on two counts of sodomy in the first degree, sodomy in the second degree and course of sexual conduct against a child in the first degree, all involving a young male victim. Following a jury trial, defendant was convicted only of course of sexual conduct against a child in the first degree and sentenced to a 12-year term of imprisonment with five years of postrelease supervision. Defendant appeals.

We first address defendant's contention that the verdict was not supported by legally sufficient evidence and/or that it was against the weight of the evidence. To prove the charge of course of sexual conduct against a child in the first degree, the People must prove that, over a period of not less than three months, defendant "engage[d] in two or more acts of sexual conduct, which include[d] at least one act of sexual intercourse, oral sexual conduct, anal sexual conduct or aggravated sexual contact, with a child less than [13] years old" (Penal Law § 130.75 [1] [b]). Defendant's claim that the evidence was insufficient is premised on his argument that the only specific acts of oral or anal sexual conduct introduced by the People were with respect to the sodomy counts on which defendant was acquitted. We are unpersuaded.

First, the acts of sodomy allegedly occurred in February 2001, on October 26, 2001 and in August 2003, dates which are outside of the period of evidence of course of sexual conduct which the victim testified occurred between November 2001 and August 2002. Moreover, during this 10-month period, the victim testified that he stayed overnight in defendant's bedroom two weekends per month and that oral and anal sex occurred between them "just about every time." Viewed in the light most favorable to the prosecution (*see People v Bleakley*, 69 NY2d

490, 495 [1987]; *People v Glanda*, 18 AD3d 956, 958 [2005], *lv denied* 6 NY3d 754 [2005]), the evidence is legally sufficient. Defendant's alternative argument, that the verdict was against the weight of the evidence, is based on his claim that the victim's testimony lacked credibility. The jury obviously resolved this issue against defendant and, our review of the record, in a neutral light (*see People v Bleakley, supra* at 495; *People v Hawes*, 298 AD2d 706 [2002], *lv denied* 99 NY2d 582 [2003]), leads us to conclude that the verdict is not against the weight of the evidence.

Next, we reject defendant's contention that multiple errors occurred throughout the trial which require reversal. First, defendant argues that his cross-examination of the victim's parents concerning a prior false allegation of sexual abuse made by the victim was improperly limited by County Court. As a general proposition, a victim's prior sexual conduct, including false claims of rape or sexual abuse, may not be explored unless it is shown that "the particulars of the complaints, the circumstances or manner of the alleged assaults or the currency of the complaints were such as to suggest a pattern casting substantial doubt on the validity of the charges made by the victim" (*People v Mandel*, 48 NY2d 952, 953 [1979], *appeal dismissed and cert denied* 446 US 949 [1980]). Here, the purportedly false claim of sexual contact does not involve an allegation of rape or sexual abuse but, instead, a claim of voluntary sex with another person. Under these circumstances, *Mandel* has no application, and County Court's curtailment of cross-examination was not an abuse of discretion. Likewise, we find unpersuasive defendant's alternative argument that the prosecution opened the door to the introduction of this evidence by soliciting testimony that the victim suffered from psychological problems while in the fourth grade.

Second, we find unpersuasive defendant's contention that the prosecution's summation improperly shifted the burden of proof. Here, although the prosecutor seemingly claimed during summation that it was defendant's obligation to present evidence regarding the victim's motivation to lie, the comments were not so severe or frequent as to require reversal (*see People v Layton*, 16 AD3d 978, 979 [2005], *lv denied* 5 NY3d 765 [2005]). Moreover, during summation, County Court immediately cautioned the jury that defendant had no burden of proof and repeated this principle in its final instructions to the jury, thus curing any prejudice to defendant.

Third, defendant's challenge to County Court's *Allen* charge is unpreserved for our review. Not only was no objection made

(*see* CPL 470.05; *People v Brown*, 24 AD3d 812, 814 [2005], *lv denied* 6 NY3d 774 [2006]), but defendant's attorney affirmatively indicated to County Court that he had no objection to the court giving the charge. In any event, examination of the whole charge clearly shows it to be proper (*see People v Alvarez*, 86 NY2d 761, 763 [1995]).

Finally, we conclude that the sentence imposed was neither harsh nor excessive as it is within the permissible statutory range for this crime. Given the nature of the crime and the age of the victim, neither defendant's lack of a prior criminal record nor the fact that he has been a contributing member of the community constitutes extraordinary circumstances which would warrant modification of the sentence in the interest of justice (*see People v Hamlin*, 21 AD3d 701, 701-702 [2005], *lv denied* 5 NY3d 852 [2005]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.