■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS I. POMALES, Appellant. [853 NYS2d 407]—

Cardona, P.J.

Initially, defendant contends that the verdict is against the weight of the evidence. With reference to the conviction of rape in the second degree (*see* Penal Law § 130.30 [1]), the victim testified that in October 2005 when she was 14 years old, defendant ordered her to lay on the couch and he proceeded to remove her pants and underwear. Defendant then penetrated her vagina with his penis. Although defendant challenges the veracity of this testimony given the victim's later recantation, the People presented expert testimony that it is not uncommon for sexually abused children to delay in reporting such incidents or recant after doing so. Moreover, this victim indicated that defendant threatened that she would not walk again if she said anything. Turning to the charge of sexual abuse in the second degree (*see* Penal Law § 130.60 [2]), the 13-year-old victim testified that from June 2005 until March 2006, defendant would often kiss her breasts and touch her vagina, inserting his fingers in her vagina on three occasions. Viewing the evidence in a neutral light and weighing the probative force of the conflicting testimony and the relative strength of any conflicting inferences which may be drawn, as well as giving due deference to the jury's credibility assessments, we conclude that the verdicts are not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Colvin*, 37 AD3d 856, 857 [2007]; *People v Frary*, 29 AD3d 1223, 1225 [2006], *lv denied* 7 NY3d 788 [2006]).

Additionally, we find no merit to defendant's contention that, given the adolescent age of the victims, County Court erred in

permitting expert testimony regarding child sexual abuse accommodation syndrome (*see e.g. People v Higgins*, 12 AD3d 775, 779 [2004], *lv denied* 4 NY3d 764 [2005]; *People v Kukon*, 275 AD2d 478, 479 [2000], *lv denied* 95 NY2d 936 [2000]). Furthermore, the clinical social worker, who had never met the victims or reviewed any information pertaining to this case, appropriately testified about the general underlying theory of such syndrome "to explain a victim's behavior that jurors might otherwise misunderstand or perceive as unusual, such as a child's failure to promptly report abuse" (*People v Pereau*, 45 AD3d 978, 980 [2007]; *see People v Carroll*, 95 NY2d 375, 387 [2000]; *People v Weber*, 25 AD3d 919, 923 [2006], *lv denied* 6 NY3d 839 [2006]).

We are also unpersuaded by defendant's argument that County Court, while precluding reference to various other convictions, abused its discretion in permitting the People, in the event defendant testified, to cross-examine him concerning, among other things, three convictions for aggravated unlicensed operation of a motor vehicle. Despite defendant's characterization of the offenses as traffic violations, two of the convictions were, in fact, felonies and one was a misdemeanor (*see* Vehicle and Traffic Law § 511 [2] [b]; [3] [b]). Moreover, a review of the *Sandoval* hearing establishes that the court appropriately weighed the probative value of such evidence against the risk of unfair prejudice to defendant in concluding that such convictions demonstrated defendant's willingness to place his own self-interest above society and, therefore, was probative of his credibility (*see People v Sandoval*, 34 NY2d 371, 375-377 [1974]; *People v Boodrow*, 42 AD3d 582, 584-585 [2007]; *People v Johnson*, 24 AD3d 803, 804-805 [2005]).

Finally, defendant's challenge that County Court's *Allen* charge was coercive was not preserved for our review by an objection at trial (*see* CPL 470.05 [2]; *People v Frary*, 29 AD3d at 1225-1226). Were we to consider the issue, we would find that the *Allen* charge as a whole was proper (*see People v Alvarez*, 86 NY2d 761, 763 [1995]).

Peters, Carpinello, Rose and Malone Jr., JJ., concur. Ordered that the judgment is affirmed.