■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELISSA WAUGH, Appellant. [859 NYS2d 318]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered June 2, 2006 in Albany County, upon a verdict convicting defendant of the crime of grand larceny in the second degree.

Defendant was charged with grand larceny in the second degree for allegedly stealing money from her employer, Dunbrook Mobil gas station, after the bookkeeper noticed an unexplained reduction in the business's bank reserves. Following a jury trial, defendant was convicted as charged, sentenced as a second felony offender to 3¹/₂ to 7 years in prison, and ordered to pay $50,000 in restitution.

Defendant contends that her conviction is against the weight of the evidence. A person is guilty of grand larceny in the second degree when he or she steals property valued at more than $50,000 (see Penal Law § 155.40 [1]). At trial, the People produced hundreds of cash register receipts which reflected cash return transactions, many in the amount of $50 or $75, performed by defendant during her employment. Sarita Baker, a manager at Dunbrook Mobil, was able to confirm that defendant actually performed the transactions by matching the transaction dates to defendant's work schedule and examining the name on the top of the receipts, which corresponded to a register log in code. Baker verified that the transactions were not corrective returns by checking all sales occurring within five minutes before or five minutes after the return, in an attempt to locate the sale of items with similar numerical values. Baker testified that Dunbrook Mobil had a no-return policy and defendant should not have been performing any cash return transactions without managerial approval. Surveillance videotapes also highlighted suspicious activity by defendant, including one instance where she appeared to remove money from the register. In addition to the cash returns, the People also presented numerous automotive repair work orders which were processed by defendant and which reflected balances greater than the corresponding register receipts. Taken together, the shortages attributable to the work orders and cash returns exceeded $50,000.

In her defense, defendant testified that while she had performed some of the cash return transactions at issue, she had not performed all of them and explained that although her name was on the top of the return receipts, all of the cashier log in codes were kept on a paper beside the register, allowing any cashier to access another's log in information. She further testified that the return receipts that were actually attributable to her simply reflected errors that she had made in charging patrons, such as ringing up $75 instead of 75¢ for a candy bar. Regarding the work orders, she noted that her shift regularly ended at 3:00 P.M., several hours before most patrons picked up their automobiles after repair. Although most of the evidence presented by the People was circumstantial, after viewing it in a neutral light and according deference to the jury's credibility determinations, we conclude that defendant's conviction is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Pomales*, 49 AD3d 962, 963 [2008]).

Defendant next contends that Supreme Court's *Sandoval* ruling was an abuse of discretion. In that regard, we note that the court allowed the People to question defendant as to three of her six prior convictions; specifically, grand larceny in the fourth degree, forgery in the second degree, and petit larceny. Of those three, the court permitted inquiry into the facts underlying only the petit larceny conviction. Because the record reflects that the court appropriately weighed the probative value of this evidence against the risk of unfair prejudice to defendant (*see People v Sandoval*, 34 NY2d 371, 376 [1974]; *People v Pomales*, 49 AD3d at 964; *People v Johnson*, 24 AD3d 803, 804-805 [2005]), we will not disturb its ruling.

We are also not persuaded that Supreme Court committed reversible error in refusing defendant's request to charge the jury on the lesser included offense of petit larceny. "[W]here a court charges the next lesser included offense of the crime alleged in the indictment, but refuses to charge lesser degrees than that, . . . the defendant's conviction of the crime alleged in the indictment forecloses a challenge to the court's refusal to charge the remote lesser included offenses" (*People v Boettcher*, 69 NY2d 174, 180 [1987]; *see People v Richette*, 33 NY2d 42, 45-46 [1973]). Here, in addition to charging the jury on grand larceny in the second degree as alleged in the indictment, the court charged the next lesser included offense of grand larceny in the third degree. Consequently, defendant's conviction of the higher count forecloses her challenge to the court's refusal to charge the more remote lesser included offense of petit larceny.

Finally, because defendant did not request a hearing or otherwise challenge the amount of restitution during the sentencing proceeding, her various claims that Supreme Court did not comply with the provisions of Penal Law § 60.27 when ordering restitution are not preserved (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Williams*, 28 AD3d 1005, 1011 [2006], *lv denied* 7 NY3d 819 [2006]).

Peters, Carpinello, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.