(July 23, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ISRAEL LOPEZ-AGUILAR, Appellant. [883 NYS2d 376]—

Cardona, P.J. Appeal from a judgment of the County Court of
Chemung County (Hayden, J.), rendered August 11, 2006, upon
a verdict convicting defendant of the crimes of rape in the first
degree and sexual abuse in the first degree.

Following a jury trial, defendant was convicted of rape in the
first degree and sexual abuse in the first degree as charged in
counts one and three of a four-count indictment. He was
sentenced to maximum concurrent prison terms of 25 years and
seven years, respectively, followed by five years of postrelease
supervision.

Initially, defendant contends that the verdict is against the
weight of the evidence. When a different verdict based upon the
proof would not be unreasonable, we "must weigh conflicting
testimony, review any rational inferences that may be drawn
from the evidence and evaluate the strength of such conclu-
sions" (*People v Danielson*, 9 NY3d 342, 348 [2007]; *see People v
Bleakley*, 69 NY2d 490, 495 [1987]). In reviewing the evidence,
we accord great deference to the jury's credibility determina-
tions given its opportunity to hear the testimony and observe
the witnesses' demeanor (*see People v Bleakley*, 69 NY2d at
495).

Here, the victim, a 63-year-old woman, testified that on the
night of the alleged incidents the 34-year-old defendant, who
was living in the basement of her home, came upstairs to obtain
some beer. When the victim objected, defendant pushed her
towards the basement and began pulling her down the stairs.
He then blocked her from leaving, pulled off her pants and
"pressed [her] down on the floor." The victim stated that defen-
dant, who was then naked, began fondling her and penetrated
her vagina with his penis. According to the victim, during the
struggle she scratched defendant's back and stomach. The
victim then testified that defendant later came upstairs, held
her down, pressing on her right breast, and again fondled her
and penetrated her vagina.

The registered nurse who assisted in the treatment of the victim at the hospital testified that the examination revealed multiple small tears in the vaginal mucosa, vaginal bruising, bloody fluid and redness, as well as tenderness under the victim's right breast. Furthermore, a forensic scientist testified that the fingernail scrapings collected from the victim during that medical examination contained a significant amount of defendant's DNA.

Although defendant offered different versions of what occurred, testifying that the sexual encounter was consensual, the conflicting testimony presented credibility issues for the jury to resolve (*see People v Rosa*, 57 AD3d 1018, 1019 [2008], *lv denied* 12 NY3d 762 [2009]). Furthermore, contrary to defendant's contention, we discern nothing in the testimony and evidence presented that would render the victim's testimony incredible as a matter of law (*see People v Miles*, 61 AD3d 1118, 1119 [2009]; *People v Campbell*, 17 AD3d 925, 926 [2005], *lv denied* 5 NY3d 760 [2005]). Viewing the evidence in a neutral light and considering the elements of the charged crimes, we conclude that the verdict is supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d at 495).

Defendant's contention that he was denied the effective assistance of counsel is also without merit. Viewed in totality at the time of representation, the record demonstrates that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Chatham*, 55 AD3d 1045, 1046-1047 [2008]).

Finally, there is no basis for defendant's contention that the sentence imposed is punishment for asserting his right to trial and, under the circumstances herein, we are unpersuaded that the sentence imposed was harsh and excessive.

Spain, Rose, Kane and Garry, JJ., concur. Ordered that the judgment is affirmed.