■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLENE L. STEVENS, Appellant. [884 NYS2d 283]—

---

Kavanagh, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered August 7, 2008, upon a verdict convicting defendant of the crimes of insurance fraud in the third degree, falsely reporting an incident in the third degree and offering a false instrument for filing in the second degree.

In February 2007, defendant filed a report with the State Police that her truck had been stolen from her driveway. She notified her insurance company of the theft and put forth a claim for the loss under her policy. Thereafter, defendant's son reported that he, in fact, had an accident with the truck and it was located partially submerged in a pond. Defendant signed a supporting deposition indicating that her son had stolen her truck, and the son was arrested and charged with the vehicle's theft. Defendant later admitted that the truck had not been stolen from the driveway, as she had initially claimed. Rather, it had been taken by her son without her permission. Upon further investigation, it was determined that defendant had actually been a passenger in the truck with her son when he drove it off the road and into a nearby pond. As a result, defendant was arrested and charged with insurance fraud in the third degree, falsely reporting an incident in the third degree and offering a false instrument for filing in the second degree. A jury subsequently found defendant guilty as charged and an aggregate prison sentence of 2 to 4 years was imposed. Defendant now appeals.

Defendant argues that the conviction of insurance fraud in

the third degree was against the weight of the evidence.[1] Inasmuch as a different verdict would not have been unreasonable, we must view the evidence in a neutral light and weigh the probative force of the conflicting testimony and the relative strength of any conflicting inferences that may be drawn, as well as give due deference to the jury's assessment of the credibility of witnesses who testified and the documentary evidence introduced at trial (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Richardson*, 55 AD3d 934, 935 [2008]; *People v Pomales*, 49 AD3d 962, 963 [2008], *lv denied* 10 NY3d 938 [2008]; *People v Jackson*, 48 AD3d 891, 892 [2008], *lv denied* 10 NY3d 841 [2008]; *see also People v Romero*, 7 NY3d 633, 643 [2006]). Defendant argues that had she filed a claim with her insurance carrier for the damages caused to the vehicle as a result of the accident, she would have been entitled to recover under the policy and, therefore, under the evidence presented, she did not have a "larcenous intent" to commit this crime as required under Penal Law § 176.20 (*see generally People v Reid*, 69 NY2d 469 [1987]). Initially, we note that the insurance representative did not, as defendant claims, affirmatively testify that defendant would have been entitled to collect on such a claim had she submitted one based on the facts as they actually existed at the time of the accident. Instead, the representative specifically testified that had defendant originally reported the claim as an accident, "a collision claim would have been opened up, and *most likely* her claim would have been settled" (emphasis added).[2]

Moreover, even if defendant had been entitled to recover under the policy, it is essentially undisputed that she submitted a claim that she knew to be false in an attempt to wrongfully obtain money from the insurance carrier. The commission of the crime of insurance fraud is not dependent upon whether the insured is ultimately entitled to be paid under the policy; it is committed when the insured knowingly files false information

---

1. While defendant's challenge to the legal sufficiency of the evidence was not preserved for our review (*see People v Richardson*, 55 AD3d 934, 935 n 1 [2008], *lv dismissed* 11 NY3d 857 [2008]; *People v Young*, 51 AD3d 1055, 1056 [2008], *lv denied* 11 NY3d 796 [2008]), we "necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence" (*People v Caston*, 60 AD3d 1147, 1149 [2009]; *see People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Hayden*, 60 AD3d 1155, 1156 [2009]). As such, we reject defendant's claim of ineffective assistance of counsel, since it was based solely upon counsel's failure to move to dismiss this charge on the ground that it was not supported by legally sufficient evidence.

2. Coverage was ultimately denied as a result of the fraudulent claim that defendant filed.

with the carrier in an attempt to collect under the policy (*see People v Alfaro*, 108 AD2d 517, 519-520 [1985], *affd* 66 NY2d 985 [1985]; *see also People v Michael*, 210 AD2d 874, 874 [1994], *lv denied* 84 NY2d 1035 [1995]; *People v Dybdahl*, 144 AD2d 949, 950 [1988]). The fact that defendant may have otherwise been entitled to recover under the policy does not alter the fact that it was her intent to defraud the insurance company by the commission of a fraudulent insurance act.[3] Therefore, the verdict convicting defendant of insurance fraud in the third degree was not against the weight of the evidence.

Defendant also claims that County Court abused its discretion by permitting the People to cross-examine her—had she chosen to testify—concerning the circumstances that led to her being previously convicted of driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the third degree. These convictions, as well as the underlying acts, are indicative of defendant's willingness to place her individual interest ahead of that of society and were relevant on the issue of her credibility as a witness (*see People v Sandoval*, 34 NY2d 371, 376-377 [1974]; *People v Walts*, 267 AD2d 617, 619 [1999], *lv denied* 95 NY2d 859 [2000]; *People v Trichilo*, 230 AD2d 926, 928 [1996], *lv denied* 89 NY2d 931 [1996]). Even if we were to conclude that it was error to allow such inquiry, considering that the jury was permitted to hear a recording in which defendant sought to explain to an insurance company representative why she had initially reported the truck as stolen,[4] "there was simply no possibility—let alone a significant probability—that [her] testimony would have led to an acquittal" (*People v Grant*, 7 NY3d 421, 425 [2006]; *see People v Boodrow*, 42 AD3d 582, 585 [2007]).

County Court properly denied defendant's request that the jury be instructed as to the elements of the affirmative defense of renunciation as a defense to the insurance fraud charge. As

---

**3.** As relevant here, "[a] fraudulent insurance act is committed by any person who, knowingly and with intent to defraud[,] presents, causes to be presented, or prepares with knowledge or belief that it will be presented to or by an insurer, . . . or any agent thereof, any written statement as part of, or in support of, . . . a claim for payment or other benefit pursuant to an insurance policy or self insurance program for commercial or personal insurance which he [or she] knows to: (i) contain materially false information concerning any fact material thereto; or (ii) conceal, for the purpose of misleading, information concerning any fact material thereto" (Penal Law § 176.05 [1]).

**4.** During this telephone call, defendant stated that she had "panicked" after the truck had gotten stuck in the pond and was very upset about what had happened. At trial, defense counsel suggested that defendant was afraid of her son and that he had told her to report the vehicle as stolen. In his trial testimony, the son denied telling his mother to report the truck stolen.

relevant here, renunciation is available as an affirmative defense to a defendant who has been charged with attempting to commit a crime if "under circumstances manifesting a voluntary and complete renunciation of his [or her] criminal purpose, the *defendant avoided the commission of the crime attempted* by abandoning his [or her] criminal effort and, if mere abandonment was insufficient to accomplish such avoidance, by taking further and affirmative steps *which prevented the commission thereof*" (Penal Law § 40.10 [3] [emphasis added]; *see People v Taylor*, 80 NY2d 1, 12-14 [1992]; *People v Dolan*, 51 AD3d 1337, 1339 [2008], *lv denied* 12 NY3d 757 [2009]). Here, the crime for which defendant stands convicted was completed upon her filing a fraudulent claim with the insurance company in an attempt to collect under her policy. In short, once the crime in question was committed, the defense of renunciation is not available as an affirmative defense (*see* Penal Law § 176.20).

Finally, we are unpersuaded by defendant's claim that County Court erred by admitting into evidence records from the insurance company documenting not only defendant's claim that the vehicle was stolen, but also the extent of the damage the vehicle had sustained in the accident. These documents were admitted only after a foundation was properly laid establishing that each was a business record and, therefore, admissible as an exception to the rule against hearsay (*see* CPLR 4518 [a]; CPL 60.10; *People v Scott*, 294 AD2d 661, 663 [2002], *lv denied* 98 NY2d 731, 732 [2002]).

Mercure, J.P., Rose, Kane and Garry, JJ., concur. Ordered that the judgment is affirmed.