■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS BROWN, Appellant. [888 NYS2d 680]—

Malone Jr., J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered September 26, 2007, upon a verdict convicting defendant of the crime of rape in the first degree and rape in the third degree (two counts).

Following a jury trial, defendant was convicted of rape in the first degree and two counts of rape in the third degree based upon separate acts of sexual intercourse that he engaged in with two young girls in 2006. He was thereafter sentenced as a second violent felony offender to an aggregate prison term of 29 to 33 years, with five years of postrelease supervision.

Defendant initially contends that the verdict is against the weight of the evidence with respect to all counts in that there was little evidence of vaginal penetration presented at trial.[1] Inasmuch as a different verdict would not have been unreasonable, this Court must " 'weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v*

---

1. While defendant's challenge to the legal sufficiency of the evidence was not properly preserved for appellate review, in conducting a weight of the evidence review, this Court must nonetheless consider the evidence in light of the elements of the crime (*see People v Danielson,* 9 NY3d 342, 348-349 [2007]; *People v Stevens,* 65 AD3d 759, 761 n 1 [2009]).

*Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. Mac-Cracken v Miller*, 291 NY 55, 62 [1943]; *see People v Lopez-Aguilar*, 64 AD3d 1037, 1037 [2009]). In conducting this review, we accord deference to the jury's credibility assessments of the witnesses who testified and the documentary evidence offered at trial (*see People v Lopez-Aguilar*, 64 AD3d at 1037).

Here, the first victim (born in 1995) testified in detail that, on New Year's Eve 2006, she was at her aunt's house when defendant, who was her aunt's live-in boyfriend, put her on her stomach on her aunt's bed, pulled her shorts down, held her hands in front of her and inserted his penis into her vagina. This testimony was corroborated by the victim's nine-year-old cousin,[2] who went looking for the victim, found her in her mother's room and saw defendant "bumping" on top of her.

The second victim (born in 1990) testified that defendant engaged in sexual intercourse with her on two occasions in 2006, once in January and once in April. With respect to the January incident, the victim, who lived with defendant and his girlfriend,[3] testified that she was in her room watching television when defendant entered her room and attempted to persuade her to have intercourse with him. He then pulled down her underwear and inserted his penis into her vagina. According to the victim, the April incident occurred in a similar manner, except that it was on the living room couch. The medical evidence at trial further established that after the second assault, the victim, who had never had sexual intercourse before defendant assaulted her, contracted the same sexually transmitted disease as defendant's girlfriend. Considering that "[i]t was not unreasonable for the jury to accept the victim[s'] version of events, including that penetration occurred" (*People v Edwards*, 38 AD3d 1133, 1133 [2007], *lv denied* 9 NY3d 864 [2007]), and mindful that sexual intercourse, as defined by the Penal Law, "has its ordinary meaning and occurs upon any penetration, however slight" (Penal Law § 130.00 [1]; *see People v Carroll*, 95 NY2d 375, 382-384 [2000]), it cannot be said that the verdict is against the weight of the evidence.

We are not persuaded by defendant's contention that the sentence imposed by County Court is harsh and excessive. Considering the heinous nature of his crimes, in which he took advantage of the trust and respect of two young girls who viewed him as a parent figure, we find that County Court did not abuse

---

**2.** This victim's cousin is the daughter of defendant's girlfriend. Although not biologically related, during her testimony the girl referred to defendant as her father.

**3.** Defendant's girlfriend is this victim's godmother.

its discretion nor do extraordinary circumstances exist that would warrant a modification in the interest of justice.

Defendant's remaining contentions, that he was entitled to separate trials and that County Court's *Sandoval* ruling was improper, were not preserved for appellate review.

Cardona, P.J., Peters, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed.