# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1516
KA 10-01301
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

FRANKLIN D. SCHAFER, DEFENDANT-APPELLANT.

LAW OFFICE OF RONALD D. ANTON, NIAGARA FALLS (SCOTT A. STEPIEN OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered August 13, 2009.  The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child, sexual abuse in the first degree and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, predatory sexual assault against a child (Penal Law § 130.96).  In response to the jury's request for a readback of certain testimony, County Court directed the court reporter not to read the victim's testimony concerning uncharged acts of oral sodomy.  Contrary to the contention of defendant, he was not thereby denied a fair trial.  The court had previously granted defendant's motion to preclude that testimony, but the six-year-old victim spontaneously testified with respect to those uncharged acts. "[T]he failure to read back everything called for by the note did not 'seriously prejudice[ ]' defendant . . . because the omitted testimony was insignificant and provided [no] support for defendant's defense" (*People v Ingram*, 3 AD3d 437, 438, *lv denied* 2 NY3d 801; *see People v Aller*, 33 AD3d 621, 622, *lv denied* 8 NY3d 918).

Defendant failed to preserve for our review his further contention that the court erred in striking the prosecutor from defendant's witness list and precluding defendant from calling her as a witness.  Although defendant included the prosecutor on his witness list and thus requested permission to call her as a witness, that request was not based upon any of the reasons that he now raises on appeal.  In any event, the contention of defendant is without merit, "[i]n light of [his] failure to establish that the prosecutor would

give testimony adverse to the People if called by the defense or that there was a significant possibility that her testimony was necessary or relevant to a material issue at trial" (*People v Wilhelm*, 34 AD3d 40, 54; *see People v Garcia*, 27 AD3d 398, *lv denied* 7 NY3d 789; *see generally People v Paperno*, 54 NY2d 294).

Contrary to defendant's contention, the court properly admitted in evidence the record of the nurse practitioner's examination of the victim, in which the victim described the incident.  The examination "had a dual purpose of investigation and treatment of the victim's potential physical and psychological injuries.  Because the history [of the incident] was germane to treatment, it falls within the traditional business records exception . . ., and the hearsay was therefore admissible" (*People v Rogers*, 8 AD3d 888, 892; *see People v Bailey*, 252 AD2d 815, 815-816, *lv denied* 92 NY2d 922).

Although defendant is correct that he has the right to introduce evidence of the witnesses' reputation in the community for veracity (*see generally People v Hanley*, 5 NY3d 108), we reject his contention that the court precluded him from introducing such evidence.  On direct examination, defense counsel asked defendant two questions with respect to the reputation of the victim and her brother for veracity. The court properly sustained the prosecutor's objection to the first question inasmuch as it was a compound question seeking information regarding two separate witnesses (*see generally Devlin v Hinman*, 161 NY 115, 118).  The court also properly sustained the prosecutor's objection to the second question because it sought information regarding defendant's knowledge of whether the victim ever lied, and "[i]t is well settled that impeachment of a witness by evidence of his [or her] reputation in the community is limited to his [or her] reputation for truth and veracity[] and may not extend to . . . specific acts of dishonesty" (*Stanton v Velis*, 172 AD2d 415; *see People v Pavao*, 59 NY2d 282, 289).

Defendant further contends that the court erred in refusing to permit him to testify with respect to the victim's sexual conduct pursuant to CPL 60.42.  To the extent that defendant contends that he was thereby denied his right to present a defense, he failed to preserve his contention for our review (*see generally People v Angelo*, 88 NY2d 217, 222).  Insofar as defendant contends that the court erred in applying CPL 60.42 in refusing to permit him to testify with respect to the conduct in question, we conclude that the testimony in question does " 'not fall within any of the exceptions set forth in CPL 60.42 (1) through (4), and defendant failed to make an offer of proof demonstrating that such evidence was relevant and admissible pursuant to CPL 60.42 (5)' " (*People v Wright*, 37 AD3d 1142, 1143, *lv denied* 8 NY3d 951; *see People v Brink*, 30 AD3d 1014, 1015, *lv denied* 7 NY3d 810).  Defendant's only application pursuant to CPL 60.42 concerned testimony regarding a different incident than the one about which he attempted to testify, and that testimony was to be given by a different witness than defendant, for a different purpose than the one

raised on appeal.