■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN R. SHEPHERD, Appellant. [921 NYS2d 666]—

Garry, J. Appeal from a judgment of the County Court of Hamilton County (Feldstein, J.), rendered December 2, 2003, upon a verdict convicting defendant of the crimes of rape in the first degree and burglary in the second degree.

In April 2003, the victim, who was then 79 years old, alleged that she awoke in bed in her home in the Town of Arietta, Hamilton County to discover that defendant was lying on top of her with his penis inside her vagina. Defendant gave a statement to State Police investigators in which he acknowledged having sexual intercourse with the victim after delivering mail to her home, but alleged that the encounter was consensual. Defendant further claimed that he had previously had consensual sex with the victim on an occasion several months earlier.

Defendant was indicted on two charges of rape in the first degree and one count of burglary in the second degree. After a jury trial, he was acquitted of one rape count and convicted upon the second rape count and the burglary count. County Court sentenced defendant to the statutory maximum prison term of 25 years on the rape conviction and a concurrent 15-year sentence on the burglary conviction. Defendant appeals.

Defendant first contends that his conviction for rape in the first degree was against the weight of the evidence. It would not have been unreasonable for the jury to believe defendant's claim that the sexual encounter was consensual. Accordingly, this Court "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; *accord People v Battease*, 74 AD3d 1571, 1575 [2010], *lv denied* 15 NY3d 849 [2010]). As relevant here, a person who "engages in sexual intercourse with another person . . . [w]ho is incapable of consent by reason of being physically helpless" is guilty of rape in the first degree (Penal Law § 130.35 [2]). A person is physically helpless if he or she "is unconscious or for any other reason is physically unable to communicate unwillingness to an act" (Penal Law § 130.00 [7]). "It

is well settled that a person who is sleeping is physically helpless for the purposes of consenting to sexual intercourse, particularly where the sleep was drug and alcohol induced" (*People v Williams*, 40 AD3d 1364, 1366 [2007], *lv denied* 9 NY3d 927 [2007] [internal quotation marks and citation omitted]; *see People v Fuller*, 50 AD3d 1171, 1174 [2008], *lv denied* 11 NY3d 788 [2008]; *People v Perkins*, 27 AD3d 890, 892 [2006], *lvs denied* 6 NY3d 897 [2006], 7 NY3d 761 [2006]).

Here, the victim testified that she was awakened by a man on top of her who was engaged in sexual intercourse with her. She testified that she recognized the man as defendant, whom she knew because he had previously delivered fuel oil to her home, had attempted to kiss her on one occasion, and had asked to enter her home on another. She testified that she had refused him entry because she was afraid of him. In addition, the victim testified that, against the advice of her doctor, she regularly combined prescription drugs with alcohol, and that she frequently slept during the day after lying awake for much of the night. As defendant points out, the victim's testimony included several inconsistencies pertaining to such matters as the time when the alleged rape occurred and persons with whom she spoke before and after the event. These issues, however, were fully explored through cross-examination and, as defendant concedes, did not render the victim's testimony "manifestly untrue, physically impossible or contrary to human experience, thereby prompting us to reject it as a matter of law" (*People v Neil*, 289 AD2d 611, 612 [2001], *lv denied* 97 NY2d 758 [2002] [internal quotation marks and citation omitted]). After hearing an account of events from both the victim and defendant— whose version also included several inconsistencies—the jury chose to credit the victim. Upon our independent review of the record as a whole, we find no reason to disturb this credibility determination (*see People v Sensourichanh*, 290 AD2d 886, 887-888 [2002]; *People v Neil*, 289 AD2d at 612).

Defendant next asserts that he was denied a fair trial by the cumulative effect of several evidentiary errors. County Court's broad discretion to make evidentiary rulings will be disturbed only if that discretion is abused (*see People v Aska*, 91 NY2d 979, 981 [1998]; *People v Durant*, 6 AD3d 938, 941 [2004], *lv denied* 3 NY3d 639 [2004]). Initially, defendant claims that the court erred in admitting the "prompt outcry" testimony of six witnesses who had contact with the victim after the alleged rape. Evidence that a victim complained of a sexual assault "at the first suitable opportunity" may be admissible to corroborate an allegation of such an assault (*People v McDaniel*, 81 NY2d

10, 17 [1993] [internal quotation marks and citation omitted]; *see People v Perkins*, 27 AD3d at 892). Any significant delay must be adequately explained (*see People v Allen*, 13 AD3d 892, 894-895 [2004], *lv denied* 4 NY3d 883 [2005]), and whether the victim's complaint was sufficiently prompt "is a relative concept dependent on the facts" (*People v McDaniel*, 81 NY2d at 17).

Here two witnesses testified that, on the day after the event, the victim told them that she had been raped. One of these witnesses—a long-time acquaintance—was the first person to arrive at the victim's home after defendant left, and the second—a nephew—was the first family member to arrive. The one-day reporting delay was adequately explained by the victim's testimony that she waited because she was initially shocked, confused, and embarrassed by the attack (*see People v Smyers*, 167 AD2d 773, 775 [1990], *lv denied* 77 NY2d 967 [1991]). We agree with County Court that the victim's statements to these two witnesses were made at the first suitable opportunity (*see People v Stearns*, 72 AD3d 1214, 1218 [2010], *lv denied* 15 NY3d 778 [2010]; *People v Perkins*, 27 AD3d at 892-893). Moreover, neither witness described any details of the victim's alleged statements other than the fact of her complaints (*see People v McDaniel*, 81 NY2d at 18). Accordingly, their testimony was properly admitted as prompt outcry evidence. The four remaining witnesses whose testimony defendant challenges merely described their observations of the victim's demeanor after the rape but did not testify that she said she had been raped. Thus, the limitations placed on prompt outcry testimony are inapplicable (*see People v Terrence*, 205 AD2d 301, 302 [1994], *lv denied* 84 NY2d 873 [1994]). Given defendant's contention that no rape had occurred, the court did not abuse its discretion in determining that the testimony of these witnesses stating their observations of the victim's demeanor and emotional state after the event were relevant to the issue before the jury (*see People v Mejia*, 221 AD2d 182, 183 [1995], *lv denied* 87 NY2d 975 [1996]; *People v Terrence*, 205 AD2d at 302).*

One of the four witnesses who testified about the victim's demeanor after the alleged rape was a State Police investigator who interviewed the victim at the hospital and, after describing her behavior during the interview, testified that it was consis-

---

* Defendant contends that County Court erred by failing to instruct the jury to attach no special significance to the fact that one of these witnesses was a physician who examined the victim at the hospital on the day after the rape. This assertion is unpreserved (*see* CPL 470.05 [2]). In any event, the witness offered no opinion as to the cause of the victim's agitation, and the People drew no special attention to his professional role; thus, no reversible error occurred.

tent with that of victims in other sex crime investigations he had conducted. Defendant asserts that County Court erred in allowing this testimony on the ground that it was admitted for the sole purpose of proving that a rape occurred (*see People v Taylor*, 75 NY2d 277, 293-294 [1990]). The People contend that the testimony was admissible for the purpose of rebutting defendant's defense of consent (*see id.* at 284; *see also People v Welch*, 71 AD3d 1329, 1330-1331 [2010], *lv denied* 15 NY3d 811 [2010]). In either event, as defendant concedes, the alleged error is unpreserved as there was no objection to the testimony at trial (*see* CPL 470.05 [2]; *People v Stearns*, 72 AD3d at 1218; *People v Carroll*, 300 AD2d 911, 915-916 [2002], *lv denied* 99 NY2d 626 [2003]). In view of the brevity of the challenged statement in the context of the investigator's testimony as a whole, which was otherwise appropriately limited to the victim's demeanor, we choose not to exercise our interest of justice jurisdiction (*compare People v Seaman*, 239 AD2d 681, 682-683 [1997], *appeal dismissed* 91 NY2d 954 [1998]).

Defendant next contends that County Court improperly permitted the People to introduce rebuttal evidence after defendant testified by recalling the owner of the heating oil company where defendant once worked. Through this witness, the People introduced a bill of lading and numerous delivery tickets showing that an employee other than defendant delivered heating oil to the victim on a particular date in December 2002. Rebuttal evidence may be offered to contradict the testimony of a witness or to disprove "some affirmative fact which the answering party has endeavored to prove," even if the evidence could have been offered as part of the rebutting party's case-in-chief (*People v Harris*, 57 NY2d 335, 345 [1982], *cert denied* 460 US 1047 [1983] [internal quotation marks and citation omitted]). Here, the evidence in question directly contradicted defendant's testimony that, on the date in question, he and another employee had delivered fuel oil to the victim, after which defendant and the victim had a sexual encounter. Thus, the testimony was properly admitted in rebuttal (*see id.* at 345; *People v Gragnano*, 63 AD3d 1437, 1443 [2009], *lv denied* 13 NY3d 939 [2010]). Further, County Court did not err in permitting the owner to testify that he recognized his employee's handwriting, as the owner adequately established his familiarity with the handwriting at issue by testifying that he had reviewed "50 or 60" documents on which the employee had written (*see Matter of Brittenie K.*, 50 AD3d 1203, 1205 [2008]; *People v Clark*, 122 AD2d 389, 390 [1986], *lv denied* 68 NY2d 913 [1986]).

Finally, we are unpersuaded that defendant's sentence is

harsh and excessive. In view of the serious nature of the crime, the victim's age and vulnerability and defendant's failure to admit responsibility, we find no abuse of discretion or extraordinary circumstances warranting a modification (*see People v Brown*, 67 AD3d 1197, 1198-1199 [2009]; *People v Bartolillo*, 47 AD3d 1122 [2008]).

Lahtinen, J.P., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed.