■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS SIMONETTA, Appellant. [942 NYS2d 270]—

Peters, P.J. Appeal from a judgment of the Supreme Court (R. Sise, J.), rendered March 6, 2009 in Schenectady County, upon a verdict convicting defendant of the crimes of rape in the third degree, criminal sexual act in the third degree and unlawfully dealing with a child in the third degree.

Defendant and the victim met in November 2007 when defendant sent her a message through Facebook, an on-line social networking website, but their brief interaction ended once the victim informed defendant that she had a boyfriend. Approximately two months later, the victim, having broken up with her boyfriend, reached out to defendant via Facebook

informing him that she was bored and wanted to get out of her house. After the two exchanged messages for a few hours, during which the victim asked defendant to pick her up, said "I'm yours for as long as you want," told defendant that she thought he was "hot" and affirmed that she was "of age," defendant picked up the victim down the street from her house and drove her back to his apartment in the City of Schenectady, Schenectady County.

Shortly after arriving at defendant's apartment, defendant's friend came over and he and defendant left to buy alcohol. They returned with a box of wine, after which defendant allegedly poured some for the victim and the three began drinking. At some point soon thereafter, the victim took off her shirt, unzipped her pants, and danced around the living room for defendant and his friend. At approximately 6:00 P.M., defendant's friend left and, according to the victim, she and defendant then engaged in oral, vaginal and anal sex without her consent. Defendant drove the victim back to her house later that evening and, shortly after her arrival, the victim disclosed that she had been raped.

Defendant was thereafter indicted on four counts of rape in the first degree, three counts of criminal sexual act in the first degree, rape in the third degree, criminal sexual act in the third degree and unlawfully dealing with a child in the third degree.[1] Following a jury trial, defendant was convicted of rape in the third degree, criminal sexual act in the third degree and unlawfully dealing with a child in the third degree, but was acquitted of the remaining rape and criminal sexual act counts, all of which were based on forcible compulsion. Supreme Court sentenced defendant to one year in jail on each count, to run concurrently. He now appeals.

Defendant claims that his convictions for rape in the third degree and criminal sexual act in the third degree were against the weight of the evidence. At trial, defendant admitted that he and the victim engaged in sexual intercourse and oral sexual conduct on the day in question, but testified that the sexual encounter was consensual. Because a different verdict would not have been unreasonable in light of this testimony, we "must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Romero*, 7 NY3d 633, 643 [2006] [internal quotation marks and citations omitted]; *accord People v Shepherd*, 83 AD3d 1298,

---

1. The People subsequently withdrew one count of criminal sexual act in the first degree from the indictment.

1298 [2011], *lv denied* 17 NY3d 809 [2011]; *see People v Stearns*, 72 AD3d 1214, 1215 [2010], *lv denied* 15 NY3d 778 [2010]).

Here, the victim testified to the numerous sexual acts that defendant subjected her to and asserted that, throughout the duration thereof, she cried, pushed defendant away and repeatedly said "no." Evidence was also presented that the victim informed an emergency room nurse who treated her at the hospital that evening that she said "stop," "no" and was crying throughout the incident. Defendant argues that the victim's reliability is manifestly suspect and that her testimony is unworthy of belief, citing the numerous inconsistencies within her trial testimony, as well as between her testimony and her prior statements, as to the sequence and details of the sexual acts and where such acts took place within defendant's apartment, and her concession during cross-examination that "[she] can't remember everything exactly the way it happened." Although certain aspects of the victim's testimony are troublesome, she steadfastly maintained that she never consented to the sexual acts with defendant, and the various inconsistencies were fully explored during cross-examination and ultimately presented a credibility issue for the jury to resolve (*see People v Shepherd*, 83 AD3d at 1299; *People v King*, 79 AD3d 1277, 1279 [2010], *lv denied* 16 NY3d 860 [2011]; *People v Stearns*, 72 AD3d at 1216; *People v Weber*, 25 AD3d 919, 921 [2006], *lv denied* 6 NY3d 839 [2006]). While the jury's verdict acquitting defendant of all the forcible rape charges reflects that it rejected outright the victim's testimony that she complied with defendant's sexual directives because she feared defendant would kill her with his gun, the jury was entitled to "accept some of the victim['s] testimony while rejecting other portions of it" (*People v Wagner*, 72 AD3d 1196, 1197 [2010], *lv denied* 15 NY3d 779 [2010]; *see People v Kuykendall*, 43 AD3d 493, 495 [2007], *lv denied* 9 NY3d 1007 [2007]; *People v Bush*, 14 AD3d 804, 804-805 [2005], *lv denied* 4 NY3d 852 [2005]). After independently reviewing and weighing the evidence, we are unpersuaded that the jury's credibility determinations should be disturbed or that the verdict on these counts is against the weight of the evidence (*see People v Shepherd*, 83 AD3d at 1299; *People v Beauharnois*, 64 AD3d 996, 999 [2009], *lv denied* 13 NY3d 834 [2009]). Furthermore, given the victim's testimony that defendant poured her a cup of wine and the testimonial and forensic evidence establishing that the victim was intoxicated when she returned from defendant's apartment, defendant's conviction for unlawfully dealing with a child in the third degree is likewise supported by the weight of the evidence (*see People v St. Andrews*, 82 AD3d 1358, 1359-1360 [2011], *lv denied* 17 NY3d 821 [2011]).

Supreme Court properly precluded evidence regarding the victim's sexual behavior towards defendant's friend while at defendant's apartment pursuant to CPL 60.42. CPL 60.42, the Rape Shield Law, prohibits the introduction of "[e]vidence of a victim's sexual conduct" in a prosecution for a sex offense under Penal Law article 130, unless one of five statutory exceptions applies. " 'The first four allow evidence of a complainant's prior sexual conduct in narrowly defined factual circumstances,' and the fifth, the subdivision at issue here, 'vest[s] discretion in the trial court' " (*People v Scott*, 16 NY3d 589, 594 [2011], quoting *People v Williams*, 81 NY2d 303, 311 [1993]). Under this exception, evidence of a victim's prior sexual conduct may be introduced where such evidence "is determined by the court after *an offer of proof by the accused* outside the hearing of the jury, or such hearing as the court may require, and a statement by the court of its findings of fact essential to its determination, to be relevant and admissible *in the interests of justice*" (CPL 60.42 [5] [emphasis added]; *see People v Williams*, 81 NY2d at 311-312).[2]

Here, prior to the testimony of defendant's friend, the People stated on the record that it was their "understanding" that the friend would testify that the victim asked him to touch her sexually *or* that the friend touched her sexually while at defendant's apartment, and sought a ruling that any such testimony would be inadmissible under CPL 60.42. Although provided with an opportunity to do so, defense counsel did not make an offer of proof, as was his obligation under CPL 60.42 (5), or otherwise clarify what the friend's testimony would be (*see People v Williams*, 81 NY2d at 314-315). Evidence that the friend touched the victim sexually while at defendant's apartment does not indicate that the victim was willing to engage in sexual relations with anyone, including the friend, and is irrelevant to the issue of whether her sexual relations with defendant were consensual. Given the uncertainty as to what the friend's

**2.** Although defendant now argues that the evidence precluded does not fall within the purview of the Rape Shield Law because it did not constitute evidence of sexual *conduct*, but rather evidence of *statements* made by the victim concerning sexual conduct (*see People v Jovanovic*, 263 AD2d 182, 193 [1999], *appeal dismissed* 95 NY2d 846 [2000]), this argument was not specifically made to Supreme Court and, therefore, is not preserved for our review (*see* CPL 470.05 [2]; *People v Curry*, 11 AD3d 150, 156-157 [2004], *lv denied* 4 NY3d 743 [2004]; *People v White*, 261 AD2d 653, 656 [1999], *lv denied* 93 NY2d 1029 [1999]). In addition, since defendant did not assert a constitutional right to introduce the excluded evidence, his constitutional argument is also unpreserved (*see People v Angelo*, 88 NY2d 217, 222 [1996]; *People v Schafer*, 81 AD3d 1361, 1363 [2011], *lv denied* 17 NY3d 861 [2011]; *People v Mitchell*, 10 AD3d 554, 555 [2004], *lv denied* 3 NY3d 759 [2004]).

testimony would be, we cannot conclude that Supreme Court abused its discretion in declining to admit the proposed evidence under the interests of justice exception (*see People v Schafer*, 81 AD3d 1361, 1363 [2011], *lv denied* 17 NY3d 861 [2011]; *People v Monko*, 162 AD2d 553, 554-555 [1990], *lv denied* 76 NY2d 861 [1990]). Even were we to conclude that the offer of proof was sufficient, we would still find that Supreme Court acted within its discretion in precluding such evidence. It has been routinely held that a victim's willingness to engage in sexual conduct with one person around the time of the incident in question is not indicative of a concomitant desire to consent to such behavior with another (*see People v Wilhelm*, 190 Mich App 574, 585, 476 NW2d 753, 759 [1991], *lv denied* 439 Mich 1013 [1992]; *Ellis v State*, 181 Ga App 630, 632, 353 SE2d 822, 825 [1987]; *State v Bevins*, 140 Vt 415, 419, 439 A2d 271, 273 [1981]; *Commonwealth v Folino*, 293 Pa Super 347, 355-357, 439 A2d 145, 149-50 [1981]; *see also People v McLaurin*, 27 AD3d 1117, 1118 [2006], *lv denied* 7 NY3d 759 [2006]; *People v Grantier*, 295 AD2d 988, 988 [2002], *lv denied* 99 NY2d 535 [2002]). Indeed, the inference that defendant sought to establish by the proffered evidence is precisely that which the Rape Shield Law sought to prevent (*see generally People v Williams*, 81 NY2d at 312; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 60.48). Thus, it cannot be said that Supreme Court's decision to exclude such evidence constituted an abuse of discretion under the circumstances (*see People v McLaurin*, 27 AD3d at 1118; *People v Grantier*, 295 AD2d at 988; *People v White*, 261 AD2d 653, 655-656 [1999], *lv denied* 93 NY2d 1029 [1999]).

Finally, defendant's challenge to Supreme Court's *Allen* charge was not preserved for our review by an objection at trial (*see* CPL 470.05 [2]; *People v Pomales*, 49 AD3d 962, 964 [2008], *lv denied* 10 NY3d 938 [2008]; *People v Frary*, 29 AD3d 1223, 1225-1226 [2006], *lv denied* 7 NY3d 788 [2006]). In any event, were we to consider the issue, we would find that the charge as a whole was balanced and proper rather than coercive (*see People v Alvarez*, 86 NY2d 761, 763 [1995]; *People v Ford*, 78 NY2d 878, 880 [1991]; *People v Rich*, 78 AD3d 1200, 1201 [2010], *lv denied* 17 NY3d 799 [2011]; *People v Price*, 188 AD2d 681, 682 [1992], *lv denied* 81 NY2d 891 [1993]).

Rose, Lahtinen, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed.

