People v Sharp (2018 NY Slip Op 00669)





People v Sharp


2018 NY Slip Op 00669


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


71 KA 16-00045

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS M. SHARP, DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Joseph W. Latham, J.), rendered December 16, 2015. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree, welfare fraud in the fourth degree and offering a false instrument for filing in the first degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law
§ 155.30 [1]), welfare fraud in the fourth degree (§ 158.10) and three counts of offering a false instrument for filing in the first degree (§ 175.35 [1]). In response to the jury's request for a readback of the "full testimony" of the only defense witness, the stenographer did not read the portions of the transcript in which the witness invoked her Fifth Amendment privilege against self-incrimination. Even assuming, arguendo, that County Court erred in redacting those portions of the transcript, we conclude that defendant was not "seriously prejudiced" by the redaction and thus reversal on that ground is not required (People v Lourido, 70 NY2d 428, 435 [1987]; see People v Schafer, 81 AD3d 1361, 1362 [4th Dept 2011], lv denied 17 NY3d 861 [2011]). As defendant correctly concedes, the invocation of the privilege could be considered by the jury only in assessing the credibility of the defense witness (see generally People v Siegel, 87 NY2d 536, 543 [1995]). Moreover, as the People contend, the readback of those portions would have invited the jury to speculate as to the witness's reasons for invoking the privilege.
We reject defendant's further contention that his sentence is
unduly harsh and severe.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court